In re Jack LAKE, Debtor.

Jack LAKE, Plaintiff,

v.

A. Jay CRISTOL, Trustee, Defendant.

Bankruptcy No. 81–01859–BKC–TCB. Adv. No. 85–0190–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

April 1, 1985.

Charles Neustein, Miami Beach, Fla., for plaintiff.

A.J. Cristol, Miami, Fla., Trustee Successor Trustee to Havee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

In this adversary proceeding, the chapter 7 debtor seeks recovery of $14,824 from the successor trustee in his bankruptcy case. The trustee has answered and the matter was tried on March 21.

On March 15, 1982, the then trustee in this bankruptcy case, Justin P. Havee, filed a report that he had made diligent inquiry into the whereabouts of property belonging to the estate and that there was no property available for distribution from the estate. (C.P. No. 8). Upon that report, this case was closed on April 23, 1982. (C.P. No. 12). On September 21, 1983 the case was reopened when this court was advised by the State court that this debtor had received a jury award of $35,000 on September 12, 1983 in a lawsuit which had been pending since July 29, 1981, more than three months before the debtor filed for bankruptcy on November 10, 1981. A successor trustee was appointed and directed to investigate the foregoing circumstances and, if justified, to recover and administer such assets for the benefit of the creditors. (C.P. No. 15).

In October 1983, the debtor moved for dismissal of the reopened case asserting, among other grounds:

"That said Claim was abandoned by the Trustee by his failure to proceed against the Defendant, Automobile Recovery Bureau."

The motion to dismiss was denied on November 16, 1983 (C.P. No. 28). Neither that order nor the Order Reopening Case and Appointing Trustee (C.P. No. 15) was appealed and each has become final. The latter Order found that:

"His schedules do not disclose the pending lawsuit nor the unliquidated claim."

Schedule B-2(q) calls for the following information:

"Contingent and unliquidated claims of every nature, including counterclaims of the debtor (give estimated value of each)."

The debtor's response was as follow:

"Intend to file lawsuit in Miami regarding my car that was stolen July 1981 by Auto Recovery."

The schedules were executed by the debtor on October 3, 1981 when the Florida Circuit Court action was pending.

The defendant in the State court case took an appeal. The appeal was settled for $25,000 upon the recommendation of the successor trustee and special counsel. (C.P. No. 35). After deduction of the contingent fee payable to the debtor's attorney (trustee's special counsel) and court costs, the net proceeds of $14,824 were paid to the trustee.

The debtor's present claim for recovery of this sum is based upon his contention that the lawsuit and, therefore, the proceeds of the lawsuit were abandoned by the trustee. The debtor concedes that there was no express or explicit abandonment of this property which belonged to the debtor's estate. Therefore, the debtor relies upon § 554(c):

"Unless the court orders otherwise, any property that is scheduled under § 521(1) of this title and that is not administered before a case is closed under § 350 of this title is deemed abandoned."

The order of September 21, 1983, which reopened this case, recites the only reference in Schedule B-2 of the debtor's personal property that makes any reference to his pending lawsuit for conversion of his automobile. The debtor did not reveal that he had filed a suit, nor did he reveal the amount claimed. In fact, he gave no value to this notation. In Schedule B-4 the debtor affirmatively stated:

"I don't own any property."

As stated in *Tavormina v. Harris (In re Harris)*, 32 B.R. 125, 128 (Bankr.S. D.Fla.1983):

"The Code does not deprive creditors of the right to share in the debtor's property merely because the trustee failed to find the property or failed to take possession of it for the creditors. It deprives the creditors of the right to share in the debtor's property only if that property was formally abandoned by the court after a hearing or if the property was explicitly identified in the debtor's bankruptcy schedules and was never administered by the trustee during the pendency of the case."

I believe that the issue has already been decided against the debtor by the Order of September 21, 1983, which has become final. If not, I find that the lawsuit and the claim which it presented were not scheduled by the debtor and, therefore, cannot be deemed to have been abandoned by the trustee. *In re Medley*, 29 B.R. 84, 86 (Bankr.M.D.Tenn.1983). On the contrary, I find that the lawsuit and the claim were concealed from the trustee by the cryptic and deceptive references contained in the debtor's schedule of property. *Id.* at 87.

At the trial of this matter, the debtor presented a schedule of $4,381 claimed out-of-pocket expenses incurred by him in connection with the prosecution of this lawsuit. This adversary proceeding is not the appropriate vehicle to consider this particular claim. It is denied but without prejudice to the debtor filing within 30 days a documented administrative claim on the required form for these expenses. That claim may then be reviewed by the trustee and resolved in due course.

It follows that this complaint should be dismissed with prejudice. As is required by B.R. 9021(a), a separate judgment so providing will be entered. Costs may be taxed on motion.