■ MITCHELL I. WEISS, Respondent, v GERALD GOLDFEDER, Appellant, et al., Defendants. [608 NYS2d 242] —In an action to recover damages for defamation, the defendant Gerald Goldfeder appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dunkin, J.), dated November 8, 1991, as denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him based on lack of capacity to sue, and granted the plaintiff's cross motion to dismiss his affirmative defense of lack of capacity to sue.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's cross motion is denied, the appellant's motion is granted, and the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff commenced this action to recover damages for defamation against the three defendants herein, one of whom is his ex-wife, and thereafter filed a petition for bankruptcy.

In the petition the plaintiff listed, as a contingent asset, "potential claim against ex-wife for defamation of character". The plaintiff subsequently received a discharge in bankruptcy.

The law is clear that the trustee of the estate of a bankrupt is vested with title to all of the bankrupt's property, including rights and choses in action *(see,* 11 USC § 541 [a] [1]; *see also, Scharmer v Carrollton Mfg. Co.,* 525 F2d 95, 98). "The trustee in bankruptcy, with the approval of the bankruptcy court, may elect to abandon assets of the bankrupt. Following abandonment, title revests in the bankrupt * * * However, this doctrine has no application to unscheduled assets of which the trustee was ignorant and had no opportunity to make an election" *(Scharmer v Carrollton Mfg. Co., supra,* at 98).

Contrary to the plaintiff's contention, where a debtor fails to disclose a *pending* lawsuit, that property is not deemed abandoned by the trustee *(see, In re Lake,* 49 BR 715). We find that the cryptic reference to a "[p]otential claim against ex-wife for defamation of character" in the schedule of personal property was insufficient to alert the trustee to the pending claims against the appellant *(see, In re Lake, supra).* In the absence of a showing of the trustee's actual knowledge of this lawsuit, the plaintiff's bankruptcy disclosure was insufficient as a matter of law and therefore the plaintiff lacks the capacity to sue the appellant in the case at bar *(see, Dynamics Corp. v Marine Midland Bank,* 69 NY2d 191, 196-197; *see also, Ervolino v Scappatura,* 162 AD2d 654; *Schepmoes v Hilles,* 122 AD2d 35). Sullivan, J. P., Rosenblatt, Pizzuto and Joy, JJ., concur.