*713 OPINION OF THE COURT
Mary M. Werner, J.
Motion by respondents for an order pursuant to CPLR 3211 and 3212 granting respondents summary judgment and dismissing the petitions on the ground that petitioner lacks the capacity to assert these claims is decided as follows.
The instant proceedings were commenced by Folklane Hotel Associates to review the real property tax assessment on certain property located on Vanderbilt Motor Parkway in Smithtown, commonly known as the Smithtown Sheraton. Petitioner is the former owner of the property. The petitioners seek review of the assessment for tax years 1990-1991 and 1991-1992.
Petitioner commenced the 1990-1991 proceeding in September 1990. In December 1990, a foreclosure action was commenced by Mutual Life Insurance Company of New York (MONY) and a receiver appointed.
In April 1991, Folklane filed a petition for relief under chapter 11 of the Bankruptcy Code (11 USC). The pending 1990-1991 tax certiorari proceeding was not listed on Folklane’s schedules of assets and liabilities. Moreover, while the bankruptcy proceeding was pending, Folklane filed a tax certiorari proceeding for tax year 1991-1992 and again failed to include this on its list of assets.
In October 1991, the chapter 11 case was dismissed on the stipulation signed by counsel for Folklane, counsel for MONY and counsel for the receiver and so ordered by Bankruptcy Judge Cecelia H. Goetz.
Pursuant to the stipulation, Folklane agreed to the foreclosure and title to the property was passed to MONY on February 28, 1992. Folklane received $250,000.
Meanwhile, these tax certiorari proceedings have come up for trial and respondents move to dismiss arguing that petitioner lacks the requisite capacity to sue. This argument is based upon three theories: (1) although petitioner was the record owner of the property for the tax years in question, it lacks pecuniary interest since it was in default on the mortgage and did not pay the subject taxes; (2) counsel retained for these tax certiorari matters were not approved by the Bankruptcy Judge; and (3) Folklane’s failure to include these proceedings in its schedule of assets means the proceedings did not vest with Folklane at the conclusion of the bankruptcy action.
For the reasons set forth below, the motion is denied.
*714 The commencement of a bankruptcy case creates an estate which includes, inter alia, all legal or equitable interests of the debtor in property as of the commencement of the case (11 USC § 541 [a] [1]).
The purpose of a chapter 11 petition is the speedy rehabilitation of a financially troubled business (In re 312 W. 91st St. Co., 35 Bankr 346, 347 [SD NY 1983]; Matter of Levinsky, 23 Bankr 210, 215 [ED NY 1982]).
In a chapter 11 proceeding the debtor, and in certain circumstances, any party in interest may file a plan for reorganization (11 USC §§ 1121, 1123). When a plan of reorganization is confirmed, all of the property of the estate vests in the debtor (11 USC § 1141 [b]). All "property dealt with by the plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners in the debtor.” (11 USC § 1141 [c]).
"Central to a proceeding under chapter XI is the requirement that a debtor file with the bankruptcy court comprehensive schedules of its assets * * * The requirement of disclosure includes '[u]nliquidated claims of every nature, with their estimated value.’ * * * Such disclosure allows the bankruptcy court and the creditors to determine whether the claims should be pursued on the creditors’ behalf’ (Dynamics Corp. v Marine Midland Bank-N. Y., 69 NY2d 191, 195 [1987] [citations omitted]).
The purpose of this rule is to protect the rights of creditors. "A bankruptcy debtor may not fail to schedule or withhold from his trustee all knowledge of certain property, thereby precluding the potential benefit of the property from accruing to his creditors, and then, after obtaining a release from his debts, assert title to the property” (Schepmoes v Hilles, 122 AD2d 35, 36 [2d Dept 1986]).
In the case at bar, however, while a chapter 11 petition was filed, a reorganization plan was never confirmed. Rather, the case was dismissed on the stipulation of the parties.
Since the bankruptcy case resulted in dismissal and petitioner neither successfully reorganized nor was discharged from his debts, the purposes of preventing unscheduled assets from revesting in petitioner do not come into play.
Moreover, the Bankruptcy Code specifically provides that unless otherwise ordered by the court, dismissal of a bankruptcy case "revests the property of the estate in the entity in which such property was vested immediately before commencement of the case under this title” (11 USC § 349 [b] [3]).
*715 The general effect of an order of dismissal is to restore the status quo ante. It is as though the bankruptcy case never existed. "The estate reverts, upon dismissal, to the debtor and is subject to all encumbrances in existence prior to the bankruptcy” (In re Lewis & Coulter, 159 Bankr 188, 190 [WD Pa 1993]).
Finally, the court notes that Dynamics Corp. v Marine Midland Bank-N. Y. (69 NY2d 191, supra) was decided under the former Bankruptcy Act. The pertinent section relied upon by the Court of Appeals was former Bankruptcy Act § 70 (i) which provided that "the title to the property dealt with shall revest in the * * * debtor”. Under the new Bankruptcy Code, however, the language has been amended and upon confirmation of a plan, "aZZ of the property of the estate [revests] in the debtor” (11 USC § 1141 [b] [emphasis added]). This section is then qualified in the next subsection: "the property dealt with by the plan is free and clear of all claims and interests of creditors” (11 USC § 1141 [c]).
New York courts have subsequently held that failure of a debtor to list a cause of action or an asset strips the debtor of the capacity to sue (see, e.g., Weiss v Goldfeder, 201 AD2d 644 [2d Dept 1994]).
However, according to the new Bankruptcy Code, while all property revests with the debtor, only that which has been dealt with by the plan is free of creditors (see, Pako Corp. v Citytrust, 109 Bankr 368, 376 [Minn 1989]). Thus, in this court’s view, even if a plan had been confirmed, under a strict reading of the Bankruptcy Code, these proceedings, although never disclosed, would have revested with petitioner. They would just have been subject to claims of creditors, since it had not been "dealt with” (Pako Corp. v Citytrust, supra).
In any event, since no plan was confirmed, 11 USC § 1141 is inapplicable. The bankruptcy case was dismissed and therefore again all the property revested in petitioner (11 USC § 349).
Respondents also claim that petitioner’s failure to obtain court approval for tax certiorari counsel strips petitioner of the capacity to maintain these proceedings. This argument is unsupported and is without merit.
The Bankruptcy Code provides that a trustee may employ one or more attorneys with court approval (see, 11 USC §§ 327, 328).
While a Bankruptcy Court will not award interim or final compensation unless it has authorized the attorney’s employ *716 ment (see, In re 245 Assocs., 188 Bankr 743 [SD NY 1995]), nothing in the Bankruptcy Code provides that failure to obtain court approval will result in dismissal of any cause of action being prosecuted by such attorneys. Counsel fails to cite any authority to support this novel theory.
Finally, respondents argue that the petitioner is not an aggrieved party since the record indicates the receiver paid the taxes for the 1990-1991 tax year. The record indicates that MONY and the receiver did, in fact, advance some monies toward the payment of taxes. However, respondents have not established that petitioner did not pay any taxes, or that revenue from the hotel was not used to pay the taxes. In any event, the record owner is presumptively an aggrieved party and respondents have cited no case law that would strip an owner of his or her capacity to sue for the reasons advanced.
In sum, respondents have failed to show that petitioner lacks the capacity to sue. Accordingly, the motion is denied.