[644 NYS2d 584]

PETER G. CAFFERTY, Appellant, v GORDON E. THOMPSON et al., Respondents.

Third Department, June 20, 1996

## APPEARANCES OF COUNSEL

*M. S. McMahon, P. C.,* Johnson City *(Lisa Tang* of counsel, Albany *[Daffner & Tang]),* for appellant.

*Smith, Sovik, Kendrick & Sugnet, P. C.,* Syracuse *(Laurence F. Sovik* of counsel), for respondent.

## OPINION OF THE COURT

MIKOLL, J.

Plaintiff, a developer in the Binghamton area of Broome County, defaulted on a two-year $1.2 million bank loan secured by a mortgage and repayable by November 1, 1988. The bank called the loan in May 1989 and commenced a mortgage foreclosure action in March 1990. Plaintiff was represented in this and other transactions by defendants.

In defending the foreclosure action, plaintiff claimed that the bank had orally committed to loan him substantially more money as the development project progressed and that the bank's failure to do so made completion of the project impossible. The bank was awarded partial summary judgment in January 1991 *(see, Marine Midland Bank v Cafferty,* 174 AD2d 932). The judgment was appealed and this Court, in affirming the judgment, held that a September 4, 1986 letter to Marine Midland from defendant Gordon E. Thompson effectively refuted plaintiff's claim *(see, supra,* at 933). The September 4, 1986 letter serves as the basis for the instant legal malpractice claim.

In January 1992, plaintiff filed for bankruptcy under chapter 11 of the Federal Bankruptcy Code (11 USC) but failed to list this malpractice claim against defendants on his schedule of assets in the proceeding. Plaintiff's reorganization plan was subsequently confirmed and, on June 29, 1994, he applied for and was granted a discharge from bankruptcy. In June 1993, plaintiff commenced an action alleging malpractice by defendants. Although defendants answered, plaintiff commenced a second, nearly identical action against defendants in October 1994 following his discharge from bankruptcy. Defendants answered, raising for the first time the affirmative defenses of lack of capacity to sue and lack of subject matter jurisdiction. Defendants then moved for summary judgment as to both complaints or, in the alternative, to amend their answer to the first complaint to include the affirmative defenses set forth in their answer to the second complaint. Plaintiff opposed the motion.

Supreme Court, by decision and order entered March 16, 1995, held that plaintiff's failure to include his legal malpractice claim in the schedule of assets while aware of its existence at the time of filing his bankruptcy petition precludes him

from pursuing it in this action and granted defendants' motion to dismiss the complaint.

The order of Supreme Court should be affirmed. Defendants, as the moving parties, have met their burden of demonstrating that there are no triable issues of material fact and that they are entitled to summary judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853).

Plaintiff's argument, that his statement in his affidavit that he was unaware he had a claim against defendants until after confirmation of the bankruptcy plan creates an issue of fact requiring a trial, is without merit. Plaintiff's affidavits and other proof submitted establish that he was aware before the bankruptcy plan was confirmed of the facts upon which he now relies to support this malpractice action and of the possibility that he might have a claim against defendants. In his affidavit, sworn to December 19, 1990, plaintiff reveals his awareness of the contents of the September 4, 1986 letter from Thompson to Marine Midland. Plaintiff's bare conclusory assertions that he did not know that these facts amounted to a legal claim until the late winter of 1993 are not sufficient to raise a factual issue (*see, Dynamics Corp. v Marine Midland Bank,* 69 NY2d 191, 196-197). Furthermore, plaintiff's knowledge of the facts giving rise to the claim, rather than his knowledge of his legal right, is decisive (*see, supra,* at 197). In any case, plaintiff admittedly knew of his legal claim over a year prior to his application for discharge from bankruptcy. Thus, there is no issue of fact requiring a trial.

Concerning the underlying legal issue, plaintiff argues that under the provisions of 11 USC § 1141 (b) the right of plaintiff to pursue this legal malpractice claim vested in plaintiff upon confirmation of the bankruptcy plan. Defendants contend that plaintiff's claim is barred because he failed to list the claim as an asset in the prior bankruptcy proceeding. Although the issue appears to be one of first impression in this State, based on Federal case law and the reasoning interpreting the former provisions of the statute, defendants' contention is correct.

Supreme Court properly relied upon decisional law interpreting the Federal Bankruptcy Act (hereinafter the Act) as amended by the Camden Act of 1938, by virtue of which title to the claim at bar would not have revested in plaintiff and he would be barred from pursuing it (*see, Stein v United Artists Corp.,* 691 F2d 885, 892-893; *Dynamics Corp. v Marine Midland Bank, supra*). Plaintiff maintains that such reliance is error because the Act was overhauled by the Bankruptcy Reform

Act of 1978 and the provisions of the new Bankruptcy Code pertaining to chapter 11 (11 USC § 1101 *et seq.*) (hereinafter the Code). The Code still requires debtors to file a schedule of assets (*see*, 11 USC § 521 [1]) but the provision referring to revesting of property in the debtor has been changed to provide that "[e]xcept as otherwise provided in the [bankruptcy] plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor" (11 USC § 1141 [b]). Property that has been "dealt with" by the plan vests in the debtor free and clear of all other claims (11 USC § 1141 [c]). Plaintiff asserts that this difference indicates that all property, dealt with or not, should have revested in him at the time of confirmation.

However, contrary to plaintiff's arguments, we conclude that plaintiff's instant claim should be barred based on relevant Federal court decisions applying the doctrine of judicial estoppel to this issue (*see*, *Payless Wholesale Distribs. v Alberto Culver*, 989 F2d 570, 571, *cert denied* 510 US 931; *Oneida Motor Frgt. v United Jersey Bank*, 848 F2d 414, 419, *cert denied* 488 US 967; *Stein v United Artists Corp.*, 691 F2d 885, *supra*). In *Payless Wholesale Distribs. v Alberto Culver* (*supra*, at 571), the First Circuit Court of Appeals characterized the plaintiff's failure to list claims against the defendant in its bankruptcy action as "an unacceptable abuse of judicial proceedings", refused to condone the failure and applied the doctrine of judicial estoppel to bar the plaintiff's claims. The *Payless* court relied heavily on *Oneida Motor Frgt. v United Jersey Bank* (*supra*), where the Third Circuit Court of Appeals barred the plaintiff's claim on both equitable estoppel and judicial estoppel grounds, noting that judicial estoppel "applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted" (*supra*, at 419; *see*, *Environmental Concern v Larchwood Constr. Corp.*, 101 AD2d 591, 593-594).

The Ninth Circuit Court of Appeals, in *Stein v United Artists Corp.* (*supra*, at 892), opined that "[t]he dangers resulting from the concealment of assets are greater when the debtor remains in possession than in cases in which a third party acts as trustee". The *Stein* court further stated that "[i]f a debtor in possession were permitted to omit claims in bankruptcy and later assert title to them, there might be an inducement to do so, to the prejudice of creditors' interests" (*supra*, at 892). Thus, the order of Supreme Court should be affirmed.

CARDONA, P. J., CREW III, CASEY and YESAWICH JR., JJ., concur.

Ordered that the order is affirmed, with costs.