■ HART SYSTEMS, INC., Appellant, v ARVEE SYSTEMS, INC., Respondent. [664 NYS2d 465] —In an action to recover damages for breach of contract and breach of warranty, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated June 11, 1996, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff's causes of action against the defendant should have been listed as an asset of the bankruptcy estate in connection with the previous chapter 11 proceeding in which the plaintiff obtained discharge from its debts (*see,* 11 USC § 541 [a] [1], [7]; *Bromley v Fleet Bank,* 240 AD2d 611; *Cafferty v Thompson,* 223 AD2d 99). The plaintiff did not offer to prosecute this cause of action under the supervision of the Bankruptcy Court, so as to guarantee that any judgment would be subject to the claims of the plaintiff's creditors, and did not request a stay of this action so as to permit it to petition the

Bankruptcy Court for relief in this respect. Accordingly, dismissal of the plaintiff's action is appropriate under the terms of the Bankruptcy Code (11 USC § 1141 [b], [c]; *Cafferty v Thompson, supra; see also, Rosenshein v Kleban,* 918 F Supp 98; *Greenheart Durawoods v PHF Intl. Corp.,* 1994 WL 652434; *WinMark Ltd. Partnership v Miles & Stockbridge,* 345 Md 614, 693 A2d 824; *Folklane Hotel Assocs. v Board. of Assessors,* 170 Misc 2d 712), just as it would have been under section 70 (i) of the former Bankruptcy Act (*see, Dynamics Corp. v Marine Midland Bank-N. Y.,* 69 NY2d 191; *see also, Cafferty v Thompson, supra; Bromley v Fleet Bank, supra; Weiss v Goldfeder,* 201 AD2d 644). Bracken, J. P., Rosenblatt, Copertino and Luciano, JJ., concur.