■ Louis Z. Weitz et al., Appellants, v John Lewin et al., Respondents. [675 NYS2d 544] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated May 30, 1997, as granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Bankruptcy Code broadly defines the property of a debtor to include causes of action existing at the time of the commencement of the bankruptcy action (*see*, 11 USC § 541 [a] [1]). The debtor must schedule the causes of action as assets on the bankruptcy petition in order for the trustee to formally abandon the claims (*see, Dynamics Corp. v Marine Midland Bank*, 69 NY2d 191). The Supreme Court properly granted the defendants' motion to dismiss the complaint on the ground that the plaintiffs lacked standing to sue because they failed to properly list on their bankruptcy petition the present claims regarding assets about which they knew or should have known when their bankruptcy petition was filed (*see, Bromley v Fleet Bank*, 240 AD2d 611; *Hart Sys. v Arvee Sys.*, 244 AD2d 527; *Cafferty v Thompson*, 223 AD2d 99). O'Brien, J. P., Pizzuto, Joy and Florio, JJ., concur.