■ MILTON WEINSTEIN ASSOCIATES, Respondent, v NYNEX CORPORATION, Formerly Known as NEW YORK TELEPHONE, Appellant. [699 NYS2d 23] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 16, 1999, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint based upon plaintiff's lack of capacity to sue, and granted plaintiff's cross-motion for leave to amend its complaint, unanimously reversed, on the law, with costs, the motion granted, the complaint dismissed and the cross-motion denied as academic. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff's action to recover payment under a contingency-fee contract with defendant (the Agreement) may not properly be maintained in view of the failure of plaintiff's principal, Milton Weinstein, to disclose the existence of that Agreement in the context of his Bankruptcy Court proceeding. A debtor who fails to disclose property belonging to the bankrupt estate cannot later assert title to that property (*see, Dynamics Corp. v Marine Midland Bank*, 69 NY2d 191).

We reject plaintiff's claim that the Agreement was not an asset of the bankruptcy estate because plaintiff's rights under it had not yet accrued at the time Weinstein filed his bankruptcy petition. The entire contingent right of recovery under the contract constituted an asset before the petition was filed. Although plaintiff's recovery, if any, for work performed under the Agreement would be obtained post-petition, such payment was earned and rooted in plaintiff's principal's pre-petition past, and therefore is included in his bankruptcy estate (*see, In re Bagen*, 186 Bankr 824, 829, *affd* 201 Bankr 642; *Weiss v Goldfeder*, 201 AD2d 644). The appropriate means of seeking recovery for post-petition services performed would have been for plaintiff or Weinstein to apply to the trustee to exclude such sums from the estate (*see, In re Bagen, supra; Dynamics Corp. v Marine Midland Bank*, 69 NY2d, *supra,* at 195-196).

We further reject the contention that summary judgment is barred by a question of fact as to whether the right to recover under the Agreement was the property of Weinstein, individually, or of a partnership between Weinstein and accountant Lawrence Cole. The facts on this issue are essentially undisputed. Prior to this motion, in every affidavit and deposition, as well as in the complaint, Weinstein asserted that Weinstein Associates was a sole proprietorship and that Cole had been retained by it as a consultant. Only in response to NYNEX's summary judgment motion did Weinstein assert for the first

time that Weinstein Associates is in reality a partnership between Cole and himself.

The only pre-existing documentary support for this new position is the designation on the signature page of the Agreement where Weinstein wrote "Partner" in the blank space for insertion of his "title". This scintilla of ambiguous evidence cannot suffice to hold up this newly-minted claim as to the structure of Weinstein Associates and the relationship between Weinstein and Cole, in view of the complete absence elsewhere in the record of any showing that Cole and Weinstein intended to be bound as partners. The self-serving affidavits in opposition to the motion are not sufficient to create a question of fact as to the structure of Weinstein Associates (*see, Prunty v Keltie's Bum Steer,* 163 AD2d 595). Rather, the submissions compel the conclusion that Weinstein Associates is attempting to avoid the consequences of its earlier unambiguous admissions, in the complaint and elsewhere, to the effect that it was a "sole proprietorship". Therefore, plaintiff will not be heard to contradict its prior admissions that it was a sole proprietorship of Weinstein individually. Concur—Sullivan, J. P., Tom, Rubin, Saxe and Buckley, JJ.