■ MADELANE ARROYO, Respondent, v HUNTINGTON HILTON et al., Appellants. [721 NYS2d 553] —In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Hall, J.), dated October 14, 1999, which, upon a decision of the same court, dated August 9, 1999, made after a nonjury trial, finding them 100% at fault in the happening of the accident, awarded judgment in favor of the plaintiff and against them on the issue of liability, and (2) an order of the same court, dated November 17, 1999, which denied their motion to set aside the verdict pursuant to CPLR 5015 (a) (3).

Ordered that the appeal from the order dated October 14, 1999, is dismissed as abandoned, for failure to perfect the same

in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order dated November 17, 1999, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The trial court providently exercised its discretion in denying the defendants' motion to set aside the verdict pursuant to CPLR 5015 (a) (3) where the defendants failed to show that it had been procured by fraud, misrepresentation, or other misconduct (*see, Caiola v Allcity Ins. Co.,* 257 AD2d 586; *cf., Pizzi v Anzalone,* 261 AD2d 374). The plaintiff was not obligated to include her claim against the defendants on her schedule of assets in a bankruptcy petition, as it did not exist at the time the bankruptcy proceeding was commenced (*see,* 11 USC § 541 [a] [1]; *cf., Pinto v Ancona,* 262 AD2d 472, 473; *Weitz v Lewin,* 251 AD2d 402).

The defendants' remaining contentions are without merit. O'Brien, J. P., Friedmann, Goldstein and H. Miller, JJ., concur.