■ In the Matter of LONG ISLAND FORUM FOR TECHNOLOGY et al., Petitioners/Cross Respondents, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents/Cross Petitioners, and LYNN SCHNEIDER, Respondent. R. KENNETH BARNARD, Nonparty. [925 NYS2d 535]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated April 26, 2007, which adopted, with corrections, the alternative proposed order of adjudication counsel of the New York State Division of Human Rights dated March 21, 2007, made after a hearing before an administrative law judge, which, inter alia, found that the petitioners subjected the complainant to a hostile work environment because of her sex and retaliated against her in violation of Executive Law § 296, and awarded her the principal sums of $252,399 in damages for back pay, $20,720.64 in damages for lost benefits, and $75,000 in compensatory damages for mental anguish, and the New York State Division of Human Rights cross-petitions pursuant to Executive Law § 298 to enforce the determination.

Justice Leventhal has been substituted for the late Justice Fisher (*see* 22 NYCRR 670.1 [c]).

Motion by the petitioners, inter alia, to annul the determination dated April 26, 2007, to enjoin the enforcement of that determination, to dismiss the underlying administrative complaint, to deny the cross petition for enforcement of that determination, and, in effect, for leave to amend the petition to allege that the underlying administrative determination should be annulled on the grounds that the complainant failed to list her claim against the petitioners as an asset in a bankruptcy proceeding that she commenced in the United States Bankruptcy Court for the Eastern District of New York, and that, upon her filing of a petition in bankruptcy, she lacked capacity to proceed with the underlying administrative proceeding. By decision and order on motion of this Court dated March 3, 2010, those branches of the petitioners' motion which were to annul the determination, enjoin its enforcement, dismiss the administrative complaint, deny the cross petition, and, in effect, for leave to amend the petition were held in abeyance and referred to the panel of Justices hearing the proceeding for determination upon the argument or submission thereof.

Now, upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the proceeding, it is

Ordered that the branch of the motion which was, in effect, for leave to amend the petition to allege that the underlying administrative determination should be annulled, on the grounds that the complainant failed to list her claim against the petitioners as an asset in her bankruptcy proceeding, and that, upon her filing of a petition in bankruptcy, the complainant lacked capacity to proceed with the underlying administrative proceeding, is granted, and those branches of the motion which were to annul the determination, enjoin its enforcement, dismiss the administrative complaint, and deny the cross petition are denied as academic in light of our determination of the proceeding and cross proceeding; and it is further,

Adjudged that the branch of petition which is to annul the determination on the grounds that the complainant failed to list her claim against the petitioners as an asset in her bankruptcy proceeding, and that, upon her filing of a petition in bankruptcy, she lacked capacity to proceed with the underlying administrative proceeding is granted, without prejudice to the rights of the trustee in bankruptcy to proceed in accordance herewith, and the petition is otherwise denied as premature, without costs or disbursements; and it is further,

Adjudged that the cross petition is denied, without costs or disbursements, without prejudice to the rights of the New York State Division of Human Rights to petition or cross-petition for the enforcement of any determination which may be made by it in connection with any administrative proceeding continued or commenced by the trustee in bankruptcy, as the representative of the complainant.

On September 8, 2004, during the pendency of an administrative proceeding before the New York State Division of Human Rights (hereinafter the NYSDHR), the complainant in the underlying administrative proceeding, Lynn Schneider, filed a voluntary petition in bankruptcy under chapter 7 of the United States Bankruptcy Code (11 USC § 701 *et seq.*). In a statement of financial affairs filed by Schneider with the United States Bankruptcy Court for the Eastern District of New York (hereinafter the Bankruptcy Court), Schneider represented that she was not involved in any administrative proceedings, and had not been so involved for one year prior to filing the petition in bankruptcy. Schneider also failed to list her claim against the petitioners as an unliquidated claim in her bankruptcy filings. The Bankruptcy Court appointed R. Kenneth Barnard as the trustee in bankruptcy of Schneider's estate in bankruptcy. Schneider received a "no asset" discharge of her bankruptcy on January 3, 2005. The administrative claim before the NYSDHR continued to a hearing before an administrative law judge. On March 21, 2007, the NYSDHR's adjudication counsel issued an alternative proposed order, finding that the petitioners subjected Schneider to a hostile work environment because of her sex and retaliated against her in violation of Executive Law § 296. In a determination dated April 26, 2007, the Commissioner of the NYSDHR adopted the alternative proposed order, with corrections, and awarded Schneider the sum of approximately $350,000.

The petitioners commenced the instant proceeding pursuant to Executive Law § 298 on August 2, 2007, seeking to annul the Commissioner's determination, and the NYSDHR cross-petitioned to enforce the award. On November 14, 2008, after learning of Schneider's claim against the petitioners, the trustee in bankruptcy moved to reopen the bankruptcy proceeding and to vacate the automatic stay so that he could pursue the interest of the estate in bankruptcy in the outcome of this judicial proceeding. The Bankruptcy Court reopened the bankruptcy proceeding for the purpose of allowing the petition and cross petition before this Court to be heard and determined, and it vacated the automatic bankruptcy stay, which had been triggered by the reopening of the bankruptcy proceeding.

In their motion before this Court, the petitioners contend that Schneider's failure to list her administrative claim against them as an unliquidated claim in her bankrupcy petition deprived her of capacity to prosecute her administrative claim against the petitioners before the NYSDHR and that, consequently, the trustee in bankruptcy cannot be substituted as a complainant-respondent in her stead.

In light of Schneider's failure to disclose the pendency of the underlying administrative proceeding in the schedule of assets in her bankruptcy petition, Schneider lacked capacity to continue the pursuit of her administrative claim against the petitioners (*see Pinto v Ancona*, 262 AD2d 472, 473 [1999]; *Weitz v Lewin*, 251 AD2d 402 [1998]; *Hart Sys. v Arvee Sys.*, 244 AD2d 527 [1997]; *Quiros v Polow*, 135 AD2d 697, 699 [1987]). Nonetheless, under the doctrine of comity, we defer to the determination of the Bankruptcy Court in appointing a trustee in bankruptcy, in reopening the bankruptcy proceeding to allow for the conclusion of the instant judicial proceeding, and in lifting the automatic stay to permit the adjudication of the instant judicial proceeding. "The doctrine of comity 'is not a rule of law, but one of practice, convenience and expediency' " (*Ehrlich-Bober & Co. v University of Houston*, 49 NY2d 574, 580 [1980], quoting *Mast, Foos & Co. v Stover Mfg. Co.*, 177 US 485, 488 [1900]). The doctrine does not compel a particular course of action but, instead, constitutes an expression of a State's "entirely voluntary decision" to defer to the policy of another jurisdiction (*Ehrlich-Bober & Co. v University of Houston*, 49 NY2d at 580; *see generally Pappas v Freund*, 172 Misc 2d 466, 473 [1997, Cozier, J.]). In view of its determination, the Bankruptcy Court clearly intended that Schneider's administrative claim should be addressed by the courts of this State so as to satisfy the salutary purpose of the United States Bankruptcy Code, i.e., the swift and equitable payment, to creditors, of a bankrupt's assets. Accordingly, the trustee in bankruptcy should be given sufficient leeway to determine the course of action he deems most beneficial to Schneider's creditors, subject, of course, to the NYSDHR's rules of procedure. Thus, the trustee in bankruptcy, if he be so advised, may seek, from the NYSDHR, any relief in connection with the administrative proceeding that is the subject of this judicial proceeding to the extent permitted by the NYSDHR.

In light of the foregoing, we need not address the petitioners' remaining contentions. Angiolillo, J.P., Leventhal, Belen and Austin, JJ., concur.