Pereira v Meisenberg (2020 NY Slip Op 02815)





Pereira v Meisenberg


2020 NY Slip Op 02815


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-01287
2019-04560
 (Index No. 2851/17)

[*1]John Pereira, etc., appellant,
v
Gene Meisenberg, etc., respondent.


Mark M. Basichas & Associates, P.C., New York, NY (Aleksey Feygin of counsel), for appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated December 17, 2018, and (2) a judgment of the same court entered January 28, 2019. The order granted that branch of the defendant's motion which was to dismiss the complaint on the ground that it was barred by the doctrine of judicial estoppel. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, that branch of the defendant's motion which was to dismiss the complaint as barred by the doctrine of judicial estoppel is denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In February 2006, Yelena Vormnadiryan, and her husband suing derivatively, commenced a medical malpractice action against the defendant (hereinafter the 2006 medical malpractice action). In January 2008, while the 2006 medical malpractice action was pending, Vormnadiryan filed for Chapter 7 bankruptcy (hereinafter the 2008 bankruptcy proceeding). She did not list the pending 2006 medical malpractice action as an asset in the 2008 bankruptcy proceeding. The 2008 bankruptcy proceeding was fully administered and closed in December 2009.
In April 2016, Vormnadiryan filed another petition for Chapter 7 bankruptcy (hereinafter the 2016 bankruptcy proceeding). As in the 2008 bankruptcy proceeding, she did not [*2]list the pending 2006 medical malpractice action as an asset in the 2016 bankruptcy proceeding. The 2016 bankruptcy proceeding was fully administered and closed in August 2016.
In November 2016, Vormnadiryan moved to reopen the 2008 bankruptcy proceeding to include the still-pending 2006 medical malpractice action as an asset of the estate. The Bankruptcy Court granted the motion, reopened the 2008 bankruptcy proceeding, and re-appointed the Chapter 7 trustee. In June 2017, the bankruptcy schedule in the 2008 bankruptcy proceeding was amended to include the 2006 medical malpractice action.
In an order dated October 11, 2017, in the 2006 medical malpractice action, the Supreme Court granted the defendant's motion to dismiss the complaint on the ground that Vormnadiryan lacked capacity to sue in light of the bankruptcy proceeding, without prejudice to commence a new action within 30 days pursuant to CPLR 205(a). The plaintiff, as Chapter 7 Trustee for Vormnadiryan and her husband, commenced this action to recover damages for the same medical malpractice alleged in the 2006 medical malpractice action.
The defendant then moved, inter alia, to dismiss the complaint on the ground that it was barred by the doctrine of judicial estoppel. The defendant argued that, because Vormnadiryan had twice taken the position in the bankruptcy court that the 2006 medical malpractice action did not exist, as she had failed to list it on her schedule of assets, she could not now take an inconsistent position by pursuing the medical malpractice action. The plaintiff opposed the motion. In an order dated December 17, 2018, the Supreme Court granted that branch of the defendant's motion based on the doctrine of judicial estoppel. The order was later reduced to a judgment. The plaintiff appeals.
"The doctrine of judicial estoppel precludes a party from taking a position in one legal proceeding which is contrary to that which it took in a prior proceeding, simply because its interests have changed" (Moran Enters., Inc. v Hurst, 160 AD3d 638, 639; see Bihn v Connelly, 162 AD3d 626, 627). "The twin purposes of the doctrine are to protect the integrity of the judicial process and to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings" (Davis v Citibank, N.A., 116 AD3d 819, 821 [citations and internal quotation marks omitted]; see Moran Enters., Inc. v Hurst, 160 AD3d at 640). "The integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets. By failing to list causes of action on bankruptcy schedules of assets, the debtor represents that it has no such claims. Thus, the doctrine of judicial estoppel may bar a party from pursuing claims which were not listed in a previous bankruptcy proceeding" (Moran Enters., Inc. v Hurst, 160 AD3d at 640 [citations and internal quotation marks omitted]; see Davis v Citibank, N.A., 116 AD3d at 821). "Because the doctrine is primarily concerned with protecting the judicial process, relief is granted only when the risk of inconsistent results with its impact on judicial integrity is certain" (Crawford v Franklin Credit Management Corp., 758 F3d 473, 486 [2d Cir] [internal quotation marks omitted]).
Here, the 2008 bankruptcy proceeding was reopened by the Bankruptcy Court so that the 2006 medical malpractice action could be identified as an asset of the bankruptcy estate. Therefore, judicial estoppel cannot be predicated on Vormnadiryan's failure to list the action as an asset when she originally filed the 2008 bankruptcy petition (see Goodman v Skanska USA Civ., Inc., 169 AD3d 1010, 1013). Further, once a bankruptcy proceeding is commenced, all legal or equitable interests of the debtor become part of the bankruptcy estate, including any causes of action (see 11 USC § 541[a][1]; Bauer v Commerce Union Bank, Clarksville, Tennessee, 859 F2d 438, 441 [6th Cir]). The trustee in bankruptcy, as representative of the estate, "has capacity to sue and be sued" (11 USC § 323[b]). Where, as here, the debtor has filed a Chapter 7 bankruptcy petition, "the causes of action formerly belonging to the debtor . . . [vest] in the trustee for the benefit of the estate, . . . and [t]he debtor has no standing to pursue such causes of action" (Bauer v Commerce Union Bank, Clarksville, Tennessee, 859 F2d at 441 [citation and internal quotation marks omitted]; see In re Dawnwood Properties/78, 209 F3d 114, 116; Olick v Parker & Parsley Petroleum Co., 145 F3d 513, 515). The instant medical malpractice action belongs not to Vormnadiryan, but, instead, to the plaintiff, the trustee of the estate of the 2008 bankruptcy proceeding. Therefore, contrary to the defendant's contention, the fact that Vormnadiryan did not list the 2006 medical malpractice action [*3]as among her assets in the 2016 bankruptcy proceeding does not lead to the conclusion that the trustee should be judicially estopped from continuing this medical malpractice action.
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was to dismiss the complaint on the ground that it was barred by the doctrine of judicial estoppel.
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court