Turner v Owens Funeral Home, Inc. (2020 NY Slip Op 07238)





Turner v Owens Funeral Home, Inc.


2020 NY Slip Op 07238


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-03215 
2019-11698
 (Index No. 606377/16)

[*1]Shatima Turner, et al., respondents,
v
Owens Funeral Home, Inc., et al., appellants, North Shore-Long Island Jewish Medical Center, et al., defendants (and a third-party action).


McCarthy & Associates, Melville, NY (Michael D. Kern of counsel), for appellants.
C. Robinson & Associates, LLC, New York, NY (W. Charles Robinson of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for violation of the common-law right of sepulcher, the defendants Owens Funeral Home, Inc., Isaiah Owens, and Andrew Cleckley appeal from (1) an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered January 11, 2019, and (2) an order of the same court entered October 9, 2019. The order entered January 11, 2019, insofar as appealed from, denied the branch of those defendants' motion which was to dismiss the complaint insofar as asserted by the defendant Andre D. Turner on the ground of lack of capacity to sue. The order entered October 9, 2019, insofar as appealed from, upon renewal and reargument, adhered to the determination in the order entered January 11, 2019.
ORDERED that the appeal from the order entered January 11, 2019, is dismissed, as that order was superseded by the order entered October 9, 2019; and it is further,
ORDERED that the order entered October 9, 2019, is reversed insofar as appealed from, on the law, the determination in the order entered January 11, 2019, denying that branch of the motion of the defendants Owens Funeral Home, Inc., Isaiah Owens, and Andrew Cleckley which was to dismiss the complaint insofar as asserted by the defendant Andre D. Turner on the ground of lack of capacity to sue is vacated, and that branch of the motion is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiffs' decedent, James Turner, died on December 28, 2011, while in the care of the defendants North Shore-Long Island Jewish Medical Center, North Shore-Long Island Jewish Health System, Inc., North Shore-Long Island Jewish Medical Care, PLLC, and North Shore-Long Island Jewish Medical Group (hereinafter collectively the hospital). On December 30, 2011, the plaintiffs asked that the decedent's body be released to their chosen funeral home; however, it is undisputed that the hospital had already released the body to the defendant Owens Funeral Home, Inc. (hereinafter the funeral home). The decedent's body was later transferred to the plaintiffs' preferred funeral home for burial.
In February 2012, the plaintiffs commenced this action in the Supreme Court, Bronx County, against the funeral home, Isaiah Owens, and Andrew Cleckley (hereinafter collectively the defendants) and the hospital seeking, inter alia, to recover damages for interference with their common-law right of sepulcher. The Supreme Court, Bronx County, later granted the motions of the defendants and the hospital to change venue to Nassau County. In April 2012, the plaintiff Andre Turner (hereinafter Turner) filed a voluntary petition for Chapter 7 bankruptcy in the federal court in which he failed to list this action as an asset. Upon learning of Turner's bankruptcy, the defendants moved for leave to amend their answer and to dismiss the complaint insofar as asserted by Turner pursuant to CPLR 3211(a)(3) on the ground that he lacked capacity as a result of his bankruptcy filing in which he failed to list this action as an asset. The plaintiffs cross-moved, inter alia, for leave to amend the complaint and substitute the trustee as a party to the action.
In an order entered January 11, 2019, the Supreme Court granted that branch of the defendants' motion which was for leave to amend their answer, but denied without prejudice that branch of their motion was to dismiss the complaint insofar as asserted by Turner. The court granted that branch of the plaintiffs' cross motion which was for leave to substitute the trustee as a party subject to its direction that Turner was to immediately serve the order on the bankruptcy trustee and petition the bankruptcy court for permission to substitute the trustee as a plaintiff in this action.
The defendants moved for leave to renew and/or reargue that branch of their motion which was to dismiss the complaint insofar as asserted by Turner and their opposition to the plaintiffs' cross motion. In an order entered October 9, 2019, the Supreme Court granted the defendants leave to renew and reargue but, upon renewal and reargument, found that the plaintiffs had made a satisfactory showing that Turner had complied with the order entered January 11, 2019, and therefore adhered to its prior determination. The defendants appeal from both orders.
"'[T]he integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets'" (Moran Enters., Inc. v Hurst, 160 AD3d 638, 640, quoting Rosenshein v Kleban, 918 F Supp 98, 104 [SD NY]; see Davis v Citibank, N.A., 116 AD3d 819, 821). "By failing to list causes of action on bankruptcy schedules of assets, the debtor represents that it has no such claims" (Pereira v Meisenberg, 183 AD3d 768, 770 [internal quotation marks omitted]; Moran Enters., Inc. v Hurst, 160 AD3d at 640).
"[O]nce a bankruptcy proceeding is commenced, all legal or equitable interests of the debtor become part of the bankruptcy estate, including any causes of action (Pereira v Meisenberg, 183 AD3d at 770; see 11 USC § 541[a][1]). Accordingly, where a debtor has sought chapter 7 bankruptcy protection, "the causes of action formerly belonging to the debtor . . . [vest] in the trustee for the benefit of the estate . . . [and] [t]he debtor has no standing to pursue such causes of action" (Pereira v Meisenberg, 183 AD3d at 770 [internal quotation marks omitted]).
In cases where a plaintiff-debtor has successfully petitioned the bankruptcy court to reopen the bankruptcy to include a pending action, this Court has invoked the doctrine of comity to permit substitution of the bankruptcy trustee as a plaintiff (see id. at 770-771; Fausset v Turner Constr. Co., 177 AD3d 702, 704; Matter of Long Is. Forum for Tech. v New York State Div. of Human Rights, 85 AD3d 791, 794). Here, however, the Supreme Court went further, directing Turner to seek such relief from the bankruptcy court and denying the defendants' motion to dismiss the complaint insofar as asserted by Turner, albeit without prejudice.
We have made clear that our willingness to allow substitution of a trustee for a plaintiff/debtor who has failed to list an action as an asset in bankruptcy is based upon comity, i.e., upon respect for the orders of a sister court (see Matter of Long Is. Forum for Tech. v New York State Div. of Human Rights, 85 AD3d at 794). Here, however, there was no order to which the Supreme Court could grant comity, nor even any indication that Turner had sought such relief. Under these circumstances, the court should have granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by Turner. Nevertheless, the trustee, if he or she should chose to re-commence the case in his or her own name, will enjoy the protection offered by CPLR 205 (see Pinto v Ancona, 262 AD2d 472, 473).
In light of our determination, we need not reach the defendants' remaining contentions.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court