OPINION OF THE COURT
Bertram Katz, J.
Motion by plaintiffs for an order granting reargument and/ or renewal of plaintiffs’ notice for summary judgment, which motion was denied by this court on May 19, 1989 due to the failure of all parties to appear, is granted in all respects, and upon renewal, plaintiffs’ motion for an order directing the entry of summary judgment in favor of the plaintiffs and against the defendants for the relief demanded in the complaint, appointing a Referee to compute, substituting in the place and stead of "Rosner & Rosner” as defendant in the caption of this action the correct name of defendant as "Posner & Posner”, and substituting in the place and stead of "John Doe #1” the name of John Costen and striking the *584 names of "John Doe #2 through John Doe #12” inclusive from the caption of this action without prejudice to any of the proceedings heretofore had herein or to be had herein, and for other relief, is granted in all respects; the cross motion by defendant Robert Hopkins for summary judgment in favor of defendant is denied in all respects.
The plaintiffs herein are the assignees of a mortgage and note executed by defendant Hopkins and delivered to Metro-fund, Ltd., a licensed mortgage broker.
In this action for foreclosure of a $500,000 junior mortgage lien bearing interest at the rate of 21% per year, executed on September 28, 1987, defendant Hopkins has alleged only one defense, usury. The only issue is one of law, not fact: Does section 590-a of the Banking Law exempt junior mortgage loans of this type from the usury restrictions of General Obligations Law §§ 5-501 and 5-511?
Banking Law § 590-a provides in pertinent part as follows: "1. A licensee may make a loan to a natural person upon the security of a mortgage on residential real property which is not a first lien at the rate or rates agreed to by the licensee and the borrower, subject to such regulations as the banking board may prescribe. Such regulations by the banking board may include such restrictions as the banking board finds necessary or proper, and shall require that no loan or advance be made in an amount which, when added to the aggregate amount unpaid upon all prior mortgages, liens and other encumbrances of record upon the real property securing the junior mortgage loan, would exceed ninety percent of the appraised value of such real property. For purposes of this section, the term mortgage shall include a lien on an existing ownership interest in certificates of stock or other evidence of an ownership interest in, and a proprietary lease from, a corporation or partnership formed for the purpose of the cooperative ownership of residential real estate.”
The defendant has valiantly attempted to inject ambiguity into this provision of the Banking Law by noting the absence from General Obligations Law § 5-511 of any explicit exemption for licensed mortgage bankers from the usury laws; or of any explicit statement that the prevailing 16% usury ceiling may be exceeded by licensed mortgage bankers making junior mortgage loans. It is further asserted that the lifting of the usury ceiling for such loans is contrary to the public policy of protecting desperate borrowers from the consequences of their *585 own desperation. (Schneider v Phelps, 41 NY2d 238, 243.) Consequently, it is asserted by defendant that the note and mortgage should be declared void and ordered to be surrendered and canceled.
The legislative history of section 590-a completely refutes the defendant’s arguments, and compels the entry of judgment in favor of plaintiffs. It was repeatedly stated in the memorandum in support of section 590-a submitted to the Legislature dated June 17, 1983, and in the letter of the Business Council of New York State dated July 20, 1983, to the Governor’s Office, urging approval, that one of the chief purposes of the bill was to enable mortgage bankers to make secondary loans unrestricted by statutory usury ceilings. The stated purpose of this legislation was to afford mortgage bankers equal treatment with other lenders, increase competition in the area of secondary lending, and thereby afford consumers additional sources of credit. No authority need be cited for the elementary proposition that the wisdom of this legislative determination is beyond the scope of this court’s powers of review.
The court therefore finds that section 590-a of the Banking Law means precisely what it says, and that the statutory usury ceilings do not apply to the loan in question. As such, the plaintiffs’ motion is granted in all respects, and the answer of the defendant Hopkins is stricken.