■ BANK OF LONG ISLAND, Formerly Known as BANK OF BABYLON, Respondent, v DAVID TAND, Appellant, et al., Defendants.—In a mortgage foreclosure action, the defendant David Tand appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated March 19, 1990, which denied his motion to vacate a prior order of the same court, entered July 25, 1989, which had struck his answer and awarded summary judgment in favor of the plaintiff.

Ordered that the order is affirmed, with costs.

In 1986 the defendant David Tand borrowed $72,000 from

the plaintiff's assignor and delivered a mortgage on certain real property in order to secure repayment of that debt. Since June of 1988, Tand has failed to repay the mortgage debt in accordance with its terms. Tand's original answer consisted of general denials. His failure to oppose the plaintiff's motion for summary judgment culminated in an order entered July 25, 1989, striking his answer and awarding summary judgment in favor of the plaintiff.

In support of his subsequent motion to vacate the order entered July 25, 1989, Tand proposed, for the first time, to interpose an answer which includes an affirmative defense based on usury. However, the papers submitted by Tand contained only conclusory allegations of usury, and were thus insufficient to demonstrate the existence of any issue of fact which would require a trial (see also, Banking Law § 590-a; *Novelty Textile Mills v Hopkins,* 145 Misc 2d 583 [usury ceilings inapplicable to certain junior mortgage loans]). Furthermore, these papers revealed no valid basis upon which to excuse Tand's failure to raise this or any other defense in opposition to the plaintiff's previous motion.

Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying Tand's motion to vacate the prior order (see, CPLR 5015 [a]). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.