■ River Bank America, Respondent, v Janet Gatov, Appellant, and Imperial Savings Association et al., Respondents. [611 NYS2d 206] —In a mortgage foreclosure action, the defendant Janet Gatov appeals from an order of the Supreme Court, Orange County (Owen, J.), dated February 26, 1992, which, inter alia, granted the plaintiff's motion for summary judgment against her and dismissed her cross claims against defendant Imperial Savings Association without prejudice to the resolution of those claims in a separate action commenced by Imperial Savings Association and pending in the Supreme Court, Orange County.

Ordered that the order is modified, on the law, by deleting the provision thereof which dismissed the appellant's cross claims against Imperial Savings Association without prejudice and substituting therefor a provision granting Imperial Savings Association's motion for summary judgment dismissing those cross claims with prejudice; as so modified, the order is affirmed, with costs to the defendant-respondent Imperial Savings Association.

The plaintiff River Bank America (hereinafter River Bank) loaned money to the defendant Janet Gatov. The loan was secured by a mortgage upon her property in the Town of Woodbury, Orange County. Gatov borrowed $13,000 at an interest rate of 19.5% per annum from another lender, and gave a second mortgage secured by the same property. This second mortgage was assigned to the defendant Imperial Savings Association (hereinafter Imperial Savings). Gatov defaulted on her mortgage payments to River Bank and to Imperial Savings. River Bank commenced this mortgage fore-

closure action, *inter alia,* against Gatov, and Imperial Savings. Gatov asserted cross claims against, *inter alia,* Imperial Savings, alleging that the annual percentage rate of interest (APR) on the second mortgage was improperly calculated and was usurious.

We find that the second mortgage loan was not usurious *(see,* Banking Law § 590-a [1]) and that the Supreme Court should have granted the motion of Imperial Savings for summary judgment dismissing the cross claims with prejudice *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110). Moreover, as there were no triable issues of fact raised in this case, summary judgment was properly granted to River Bank.

We have examined Gatov's remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.