STEPHEN GALATTI, JR., et al., Appellants, v ALLIANCE FUNDING COMPANY, INC., et al., Respondents. [644 NYS2d 330]

Contrary to the plaintiffs' contention, the Supreme Court properly dismissed their first cause of action to recover damages based upon an allegedly usurious second mortgage note. The record unequivocally demonstrates that the note was exempt from the general prohibition against usury since the original mortgagee was a licensed mortgage banker *(see,* Bank-

ing Law § 590-a [1]; *River Bank Am. v Gatov,* 203 AD2d 548, *cert denied* 514 US 1055, 115 S Ct 1438). The defendants, as the lawful assignees of that mortgagee, are similarly entitled to assert that exemption *(see,* General Obligations Law §§ 13-101, 13-105; *Novelty Textile Mills v Hopkins,* 145 Misc 2d 583; *see generally,* Real Property Law § 254 [9]; 6 NY Jur 2d, Assignments, §§ 4, 49, 55). Moreover, the defendants are also "exempt organizations" within the meaning of Banking Law § 590 (1) (e) and (2).

The plaintiffs' additional contention that a stipulation entered into between the parties is also usurious was improperly raised for the first time in their reply papers *(see, Azzopardi v American Blower Corp.,* 192 AD2d 453) and, under the circumstances of this case, constituted an inappropriate attempt to obtain summary judgment upon an unpleaded cause of action *(see, Moscato v City of New York [Parks Dept.],* 183 AD2d 599; *Lefft v Canada Life Assur. Co.,* 40 AD2d 641). In any event, since the stipulation effectively extended the relevant terms of the note, we find the contention unpersuasive for the reasons set forth above.

Likewise, we discern no error in the dismissal of the third cause of action, since the amount of the plaintiffs' postjudgment payments was in accordance with the stipulation of the parties.

Finally, the Supreme Court correctly determined that the existence of triable issues of fact precludes an award of summary judgment in favor of either party with respect to the plaintiffs' second cause of action to recover for slander of title *(see, Zuckerman v City of New York,* 49 NY2d 557). O'Brien, J. P., Sullivan, Florio and McGinity, JJ., concur.