■ CHASE MANHATTAN BANK, Respondent, v RAY BECKERMAN et al., Appellants, et al., Defendants. [705 NYS2d 636] —In an action to foreclose a mortgage, the defendants Ray Beckerman and Susan Beckerman appeal from (1) an order of the Supreme Court, Queens County (Schmidt, J.), dated August 25, 1998, which denied as academic their motion pursuant to CPLR 322 (a), *inter alia,* for written evidence that the plaintiff's counsel had authority to prosecute the instant action, and (2) so much of an order of the same court dated November 16, 1998, as denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order dated August 25, 1998, is affirmed; and it is further,

Ordered that the order dated November 16, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Oxford Mortgage Corp. entered into a residential loan agreement with the appellants pursuant to which the debt was secured by a second mortgage on certain real property owned by the appellants in Jamaica, New York. Pursuant to the terms of the second mortgage agreement, the appellants agreed to pay an annual interest rate of 16.9%. This second mortgage was assigned to the plaintiff, and upon the appellants' default on the loan payments, the plaintiff commenced this mortgage foreclosure action. The appellants moved to dismiss the complaint on the ground that it failed to state a cause of action. Specifically, the appellants alleged that the disclosure of a

16.9% interest rate rendered the complaint usurious on its face, and that the plaintiff's failure to plead an exemption rendered the complaint defective. The appellants also served a demand pursuant to CPLR 322 (a) for evidence that the plaintiff's counsel was authorized to prosecute the action.

A mortgage banker may make a loan secured by a mortgage on residential real property which is not a first lien at a rate agreed upon by the mortgage banker and the borrower, subject to such regulations as the banking board may prescribe (*see,* Banking Law § 590-a [1]; *see also,* 3 NYCRR 80.8; *River Bank Am. v Gatov,* 203 AD2d 548, *cert denied* 514 US 1055). Here, the appellants agreed to pay annual interest at a rate of 16.9%, and then defaulted in making those payments. Thus, the plaintiff pleaded a prima facie case in its complaint and the motion to dismiss was properly denied.

The plaintiff's counsel sufficiently established that he was authorized to prosecute this action by sending a copy of a letter signed by the vice-president of the plaintiff's servicing agent indicating that he had that authority. O'Brien, J. P., Friedmann, Florio and H. Miller, JJ., concur.