OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed without costs.
In October 2001, defendant entered into a loan repayment and security agreement with plaintiff Beneficial Homeowner Service Corporation, pursuant to which defendant borrowed the principal amount of $17,453.77 from plaintiff. The contractual rate of interest was 20.997% per annum, although according to the agreement the cost of the credit at a yearly rate was 22.278%. The loan was secured by a 15-year mortgage on property at 32 B Ball Road, Syracuse, New York. After October 18, 2002, defendant ceased making payments, and, in November 2007, plaintiff brought this action to recover the principal balance of $16,901.96; plaintiff also sought accrued interest on the loan at the rate of 20.997%. Defendant, appearing pro se, *3 answered the complaint and denied liability on various grounds, including usury. Thereafter, plaintiff moved for summary judgment. Although it was uncontested, plaintiff’s motion was denied on the ground that there existed unresolved issues of material fact, including whether the interest rate charged by plaintiff was usurious. On appeal, plaintiff argues that the interest rate it charged defendant was permissible, and that the allegations contained in defendant’s answer were insufficient to defeat plaintiffs motion.
The general ceiling on the legal rate of interest in New York is 16% (see General Obligations Law § 5-501; see also Banking Law § 14-A), which is less than the rate of interest that plaintiff charged defendant. In its moving papers, plaintiff argued that, as a licensed mortgage banker under the Licensed Mortgage Bankers Law (Banking Law, art 12-D, § 589 et seq.), it was permitted to charge interest rates in excess of otherwise applicable statutory usury ceilings. As authority, plaintiff cited Banking Law § 590-a (1). Under this statute, a loan made by a licensed mortgage banker “upon the security of a mortgage on residential real property which is not a first lien” may be set at a rate which is exempt from state usury limits (see Galatti v Alliance Funding Co., 228 AD2d 550 [1996]; see also River Bank Am. v Gatov, 203 AD2d 548 [1994]). Plaintiff failed to demonstrate, however, that the loan in issue is secondary to any other lien, or, indeed, that the mortgage securing the loan was on residential real property. There thus remained an issue of fact as to whether plaintiff was entitled to exemption from the usury laws pursuant to Banking Law § 590-a (1). This was, moreover, a material issue, since “the law does not permit an action by a lender on a usurious loan” (O’Donovan v Galinski, 62 AD3d 769, 770 [2009]).
Plaintiff argued separately that the loan to defendant was exempt from New York’s usury laws because the Depository Institutions Deregulation and Monetary Control Act of 1980 (DIDMCA) (12 USC § 1735f-7a [a] [1]) preempts New York’s usury statute.
“State usury laws are preempted by DIDMCA with regard to any loan which: (1) was secured by a first lien on residential real property; (2) was made after March 31, 1980; and (3) meets the definition, with certain qualifications, of a federally related mortgage loan (see 12 USC § 1735f-5 [b]; § 1735f-7a [a] [1]; see also Banking Law § 14-a [7])” (JPMorgan Chase *4 Bank, N.A. v Malarkey, 65 AD3d 718, 720 [2009]).
However, preemption statutes “are to be interpreted narrowly in light of federalism concerns” (Brown v Investors Mtge. Co., 121 F3d 472, 475 [9th Cir 1997]). Accordingly, in order for plaintiff to enjoy the advantage of federal preemption of New York’s usury laws, it was incumbent upon plaintiff to demonstrate, in its moving papers, compliance with all three prongs of DIDMCA.
Plaintiff failed, however, to present any evidence as to whether the mortgage securing the loan was a first lien or whether it was on residential property. Furthermore, to satisfy the “third element” of DIDMCA, plaintiff was required, but failed, to demonstrate that it was a creditor “who makes or invests in residential real estate loans aggregating more than $1,000,000 per year” (12 USC § 1735f-5 [b] [2] [D]; see 12 USC § 1735f-7a [a] [1] [C]; see also JPMorgan Chase Bank, N.A. v Malarkey, 65 AD3d at 720-721). Absent exemption, the loan sued upon was plainly usurious and unenforceable (see O'Donovan v Galinski, 62 AD3d 769 [2009]). As plaintiff failed, in its moving papers, to tender sufficient admissible evidence to eliminate all material issues of fact as to whether it was entitled to exemption from New York’s usury laws, the Civil Court correctly concluded that plaintiff was not entitled to summary judgment despite the lack of opposition to its motion (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Accordingly, the order of the Civil Court is affirmed.
Golia, J.P, Weston and Rios, JJ., concur.