Wilmington Trust, N.A. v Hilton (2023 NY Slip Op 51446(U))

[*1]

Wilmington Trust, N.A. v Hilton

2023 NY Slip Op 51446(U)

Decided on October 31, 2023

Supreme Court, Suffolk County

Fields, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 31, 2023
Supreme Court, Suffolk County

Wilmington Trust, N.A., Plaintiff(s),

against
Oree Hilton, Sr., et al., Defendant(s).

Index No. 612135/2023

Aletha V. Fields, J.

Upon e-filed documents 47-54 read and considered on defendant Oree Hilton, Sr.'s motion to dismiss this action for plaintiff's failure to provide proof of authority as contemplated by CPLR 322, it is hereby
ORDERED that defendant's motion be, and it hereby is, GRANTED to the extent that plaintiff be, and hereby is, directed to disclose to defendant one full, true, and correct copy of the pooling and servicing agreement to which the limited power of attorney refers.
This is a residential mortgage foreclosure action. The complaint alleges that Oree Hilton, Sr. (borrower) executed and delivered to plaintiff's predecessor in interest a note in the initial principal amount of $531,648.00 and to secure borrower's obligations under the note, also executed and delivered a mortgage encumbering certain realty located within Suffolk County, New York (Dkts. 1, 3, 4). The complaint alleges that the mortgage recording tax was paid on the original mortgage. The complaint alleges at least four mortgage modifications in which the mortgage tax is not alleged to have been paid. Although plaintiff includes copies of four modifications to the note and mortgage, plaintiff does not allege any payment of mortgage tax on any of them (but see, Tax Law § 258).
After having been served with process, defendant demanded proof of plaintiff's counsel's authority to commence this action. Now, apparently dissatisfied with the materials that plaintiff's lawyer sent, defendant has moved for an order dismissing the action or directing the production of such evidence.
Perhaps to avoid the need for motion practice, on June 16, 2023, defendant demanded that plaintiff produce written evidence of counsel's authority to commence this action (Dkt. 31). On June 27, 2023, plaintiff filed a response to the demand (Dkt. 41). Plaintiff's response was an affidavit to which Planet Home Lending, LLC (Planet) swore by having a Planet senior vice president sign the affidavit. According to the signature block, Planet's execution and acknowledgement of the affidavit was in the capacity of agent for the named plaintiff in this action. The affidavit includes a limited power of attorney that empowers Planet, as attorney-in-[*2]fact for plaintiff, to cause the commencement of foreclosure litigation and to execute documents like the affidavit (Dkt. 43) which is an integral component of the expressly delegated power from plaintiff as principal to Planet as agent to pursue, prosecute, and defend foreclosure actions. The affidavit contains proof that plaintiff directly or indirectly engaged plaintiff's counsel to bring this specific foreclosure action.
Dissatisfied with what plaintiff filed, defendant wrote to plaintiff's counsel demanding compliance with CPLR 322 as defendant's counsel interprets it (Dkt. 45). In return, plaintiff's counsel noted that plaintiff had furnished an affidavit that plaintiff's agent signed, thereby meeting the requirements of CPLR 322. In addition, plaintiff reminded defendant that the written proof that CPLR 322 requires may be signed by an agent (CPLR 322 [a] ["Any writing by the plaintiff of [plaintiff's] agent requesting the attorney to begin the action or ratifying [the attorney's] conduct of the action on behalf of the plaintiff is prima facie evidence of the attorney's authority"]).
Nevertheless, defendant moves to dismiss, claiming that because the affidavit was not accompanied by the agreement to which certain provisions of the power of attorney (Dkt. 43) refer, the affidavit is, in effect, worthless. Plaintiff counters that, in effect, that this motion is academic and should be denied because plaintiff already furnished enough proof of authority without the motion practice.
Defendant's motion seeks dismissal of this action, a remedy that the statute does not expressly authorize. This Court need not reach the statutory interpretation question of whether implicit within CPLR 322 is the court's power to dismiss the action for failure comply because, in this action, if plaintiff did not comply with defendant's CPLR 322 demand, the proper remedy would be an order to compel compliance with the prospect of a contempt remedy looming for failure to comply with the order compelling compliance.
Where the defendant in an action affecting real property has not been served with evidence of the authority of the plaintiff's attorney to begin the action, he may move at any time before answering for an order directing the production of such evidence. Any writing by the plaintiff or his agent requesting the attorney to begin the action or ratifying his conduct of the action on behalf of the plaintiff is prima facie evidence of the attorney's authority.
(CPLR 322 [a]). This is defendant's first motion to compel production of evidence. For the reasons set forth below, this Court grants the motion.
The issue is how much proof is enough? Here, because the limited power of attorney is subject to the provisions of an agreement that plaintiff did not disclose, plaintiff has not furnished adequate proof. Had the principal itself signed a letter setting forth that the relevant trust "authorized [such and so counsel] to commence a mortgage foreclosure action against [defendants], and the attorneys did commence such an action under index number ######-#### (Suffolk County Supreme Court)" then plaintiff would not need to make further disclosure because the writing came from the principal. Here, the writing is from the agent, so more is required.
In Chase Manhattan Bank v Beckerman (271 AD2d 392 [2d Dept 1999]), the Second Department held that a letter the agent (mortgage servicer) signed was sufficient. Although the opinion does not describe the letter, the record on appeal contains it. The letter is on plaintiff's counsel's letterhead and sets forth relevant facts. The agent signed under a heading, "Received and acknowledged by," (Record on Appeal, Chase Manhattan Bank v Beckerman at 67). [*3]However, in Beckerman, plaintiff also furnished copies of relevant pages of the pooling and servicing agreement to establish authority (id. at 86-90). Thus, something more than the word of the agent alone was present.
Therefore, here, defendant is entitled to have produced to it the entire pooling and servicing agreement to which the limited power of attorney refers, thereby curing the problem with the already disclosed writing, namely that nothing from a source other than agents exists.
Dated: October 31, 2023
Riverhead, New York
Hon. Aletha V. Fields, AJSC