Bank of N.Y. Mellon Trust Co., Natl. Assn. v Berokhim (2024 NY Slip Op 05084)

Bank of N.Y. Mellon Trust Co., Natl. Assn. v Berokhim

2024 NY Slip Op 05084

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2022-05072
 (Index No. 612936/21)

[*1]Bank of New York Mellon Trust Company, National Association, etc., respondent, 
v
Dawood Berokhim, et al., appellants, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellants.
Goldberg Segalla LLP, New York, NY (Yoram Miller of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property and for related declaratory relief, the defendants Dawood Berokhim and Ashraf Berokhim appeal from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered April 18, 2022. The order, insofar as appealed from, denied the motion of those defendants pursuant to CPLR 322(a) to compel the plaintiff's counsel to produce written evidence of authority to prosecute the action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2021, the plaintiff commenced this action against the defendants Dawood Berokhim and Ashraf Berokhim (hereinafter together the defendants), among others, pursuant to RPAPL article 15 to quiet title and for related declaratory relief in connection with a mortgage on certain real property located in Nassau County and the priority of liens encumbering that property. The defendants moved pursuant to CPLR 322(a) to compel the plaintiff's counsel to produce written evidence of authority to prosecute the action. In an order entered April 18, 2022, the Supreme Court, inter alia, denied the defendants' motion. The defendants appeal.
The plaintiff's counsel sufficiently established that his law firm was authorized to prosecute this action by submitting a copy of a letter from the plaintiff's servicing agent indicating that the law firm had such authority (see id. ; Chase Manhattan Bank v Beckerman , 271 AD2d 392, 393). Accordingly, the Supreme Court properly denied the defendants' motion.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court