Deutsche Bank Natl. Trust Co. v McElroy

2026 NY Slip Op 02390

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Deutsche Bank National Trust Company, etc., respondent,

v

Kathy McElroy, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-06397, (Index No. 618041/23)

Angela G. Iannacci, J.P.

Cheryl E. Chambers

Lillian Wan

Janice A. Taylor, JJ.

Justin F. Pane, P.C., Bohemia, NY (Daniel G. Eugene of counsel), for appellant.

Knuckles & Manfro, LLP, Tarrytown, NY (Manik J. Saini of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Kathy McElroy appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated March 4, 2024. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 322(a) and 3211(a) to dismiss the amended complaint insofar as asserted against her or, in the alternative, pursuant to CPLR 322(a) to compel the plaintiff's counsel to produce admissible evidence of its authority to commence the action.

ORDERED that the order is affirmed insofar as appealed from, with costs.

On July 24, 2023, the plaintiff, by attorneys, Knuckles, Komosinski & Manfro, LLP (hereinafter KKM), commenced this action against the defendant Kathy McElroy (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in East Northport.

In October 2023, the defendant moved, pre-answer, inter alia, pursuant to CPLR 322(a) and 3211(a)(1), (3), and (8) to dismiss the complaint insofar as asserted against her or, in the alternative, pursuant to CPLR 322(a) to compel KKM to produce admissible evidence of its authority to commence the action. Thereafter, the plaintiff filed a supplemental summons and amended complaint, and the defendant elected to make her motion as against the amended complaint.

In opposing the motion, the plaintiff submitted an affidavit of Nicholas J. Raab, an assistant vice president of Specialized Loan Servicing, LLC (hereinafter SLS), its servicer and attorney-in-fact, along with a limited power of attorney appointing SLS its attorney-in-fact with respect to certain "enumerated transactions," including "[t]he full enforcement and preservation of the [plaintiff's] interests in [mortgage loans for which the plaintiff was acting as Trustee] . . . by way of . . . foreclosure . . . or the completion of judicial or non-judicial foreclosure." Raab averred in his affidavit, among other things, that SLS retained KKM as counsel "for the purpose of commencing and representing [the plaintiff] throughout this action" and that KKM "had the authority to begin this action on behalf of Plaintiff."

In an order dated March 4, 2024, the Supreme Court, inter alia, denied those branches of the defendant's motion which were pursuant to CPLR 322(a) and 3211(a)(1), (3), and (8) to [*2]dismiss the complaint insofar as asserted against her or, in the alternative, pursuant to CPLR 322(a) to compel KKM to produce admissible evidence of its authority to commence the action. The defendant appeals.

CPLR 322(a) provides that "[w]here the defendant in an action affecting real property has not been served with evidence of the authority of the plaintiff's attorney to begin the action, he [or she] may move at any time before answering for an order directing the production of such evidence. Any writing by the plaintiff or his [or her] agent requesting the attorney to begin the action or ratifying his [or her] conduct of the action on behalf of the plaintiff is prima facie evidence of the attorney's authority."

Here, the plaintiff sufficiently established that KKM was authorized to commence this action by submitting Raab's affidavit indicating that KKM had such authority, accompanied by a power of attorney authorizing the plaintiff's servicing agent to act on the plaintiff's behalf (see Bank of N.Y. Mellon Trust Co., N.A. v Berokhim, 231 AD3d 916, 917; Chase Manhattan Bank v Beckerman, 271 AD2d 392, 393).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 322(a) and 3211(a)(1), (3), and (8) to dismiss the amended complaint insofar as asserted against her or, in the alternative, pursuant to CPLR 322(a) to compel KKM to produce admissible evidence of its authority to commence the action.

IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court