■ MORDCHAI GREENFIELD, Appellant, v HARRY SKYDELL et al., Respondents.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered January 29, 1992, which denied plaintiff's motion for summary judgment, unanimously affirmed, with costs.

We find that there is an issue of fact as to whether the transaction at issue was usurious. Intent is an essential element of usury (Freitas v Geddes Sav. & Loan Assn., 63 NY2d 254, 262). A defendant seeking to interpose the defense of usury must prove all of the essential elements thereof by clear evidence (Giventer v Arnow, 37 NY2d 305, 309). The court will not assume that the parties entered into an unlawful agreement, and when the terms of the agreement are in issue, and the evidence is conflicting, the lender is entitled to a presumption that he did not make a loan at a usurious rate (Giventer v Arnow, 37 NY2d 305, 309, supra). Moreover, in this case, the usurious nature of the transaction does not appear upon the face of the instrument, and "[i]t is the prevailing view that where usury does not appear on the face of the note, usury is a question of fact." (Freitas v Geddes Sav. & Loan Assn., supra, at 262.) In this case, no stated rate of interest appears upon the face of the note; it is a note for $280,000 payable in two months. To establish usury, facts extrinsic to the document must be referred to.

There is also an issue of fact as to whether the defendants

are estopped from asserting the usury defense in this case where the defendants, who are attorneys, are charged with fraudulently inducing the plaintiff to enter into the transaction, by suggesting the amount of profit or interest to be repaid. Further the defendants drafted the documents which they now seek to void. In such instance, "if plaintiff's averments are true, voiding the loan here would permit defendant[s] to achieve a total windfall, at the expense of an innocent person, through [their] own subterfuge and inequitable deception, a result which does not appear to be required in order to fulfill the public policy and purposes of the usury laws" *(Angelo v Brenner,* 90 AD2d 131, 132-133; *see also, Schaaf v Borsher,* 82 AD2d 880). Plaintiff's assertion of estoppel is not precluded by the fact that defendants allege criminal rather than civil usury. *(Hammelburger v Foursome Inn Corp.,* 54 NY2d 580.) Concur—Carro, J. P., Wallach, Ross and Asch, JJ.