■ ANGELO RUSSO, Respondent-Appellant, v BARBARA CAREY, Appellant-Respondent. [706 NYS2d 760] —Mugglin, J. Cross appeals from an order of the Supreme Court (Canfield, J.), entered March 26, 1999 in Rensselaer County, which, *inter alia*, denied plaintiff's motion for summary judgment in lieu of complaint.

In 1996, plaintiff loaned defendant a total of $19,000 represented by two separate promissory notes. When defendant failed to repay the loans, plaintiff commenced this action by a motion for summary judgment in lieu of complaint. Defendant cross-moved for summary judgment dismissing plaintiff's action alleging that both loans were usurious and, thus, unenforceable. Supreme Court denied both motions finding that, although the subject notes were usurious on their face, questions of fact exist regarding whether defendant is estopped from asserting the affirmative defense of usury.

It is well settled that loans which bear an annual interest rate in excess of the maximum allowed by law* are unenforceable and the borrower is released from any obligation to pay either the principal or any accrued interest (*see,* General Obligations Law § 5-511 [2]; *Seidel v 18 E. 17th St. Owners*, 79 NY2d 735, 740). It is undisputed that the subject notes bear interest at a rate which greatly exceeds the maximum allowable interest rate and, therefore, Supreme Court properly denied plaintiff's motion for summary judgment in lieu of a complaint.

We also conclude that Supreme Court properly denied defendant's motion for summary judgment because issues of

* The current maximum annual interest rate is 16% (*see,* General Obligations Law § 5-501 [2]; Banking Law § 14-a [1]).

fact exist regarding the application of the legal principle of estoppel in pais. Under this doctrine, a borrower may be estopped from successfully asserting the affirmative defense of usury when, as a result of a special relationship existing between the lender and borrower, the borrower induces reliance on the legality of the transaction (see, Seidel v 18 E. 17th St. Owners, supra, at 743; Angelo v Brenner, 90 AD2d 131). Here, plaintiff alleged that he loaned the money to defendant, his friend, due to her husband's impending open heart surgery, that the promissory notes were prepared by defendant, that defendant fixed the rate of return and that he relied upon defendant's experience in loan transactions. Moreover, the record contains evidence suggesting that defendant intentionally prepared the notes with a usurious interest rate for the specific purpose of avoiding repayment. Clearly, these allegations raise triable issues of fact which must be resolved to determine if defendant is estopped from asserting the defense of usury (see, Pemper v Reifer, 264 AD2d 625, 626).

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.