■ ANA B. MATIAS, Respondent, v WALTER ARANGO, Appellant. [735 NYS2d 157] —In an action, *inter alia,* for a judgment declaring that a promissory note and stipulation of settlement are void and unenforceable, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated October 18, 2000, as granted that branch of the plaintiff's cross motion which was for summary judgment on her first cause of action to declare that the promissory note dated September 25, 1997, and the stipulation dated September 26, 1997, are usurious and void, and denied those branches of his cross motion which were, in effect, for leave to reargue that branch of his prior motion which was to dismiss the first cause of action which was denied by order of the same court dated June 15, 2000, and for leave

to amend his answer to add counterclaims and to serve a third-party complaint naming Oceanic Deli and Grocery as a third-party defendant.

Ordered that the appeal from so much of the order as denied that branch of the cross motion which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff is the owner of a grocery store business which rents space in a building owned by the defendant. In 1994 the defendant, the original owner of the business, sold the business to the plaintiff's predecessor in interest, Juan Rosa, in consideration for which the defendant took two promissory notes representing a total debt of $150,000 with interest set at 18%. When the plaintiff purchased the business in July 1997, Rosa had made only partial payment on the promissory notes. Nevertheless, the defendant consented to an assignment of the lease, and the plaintiff continued to make payments toward the outstanding debt and rent. Shortly thereafter, the defendant instituted eviction proceedings based upon the plaintiff's alleged default on the terms of the promissory note.

On September 25, 1997, the plaintiff executed a promissory note in the sum of $50,000, with interest at 18%, which allegedly represented, *inter alia,* the sums still due under the 1994 notes. In a stipulation dated September 26, 1997, which, *inter alia*, incorporated the terms of the promissory note dated September 25, 1997, the defendant agreed to stay the eviction proceeding. In this action, the plaintiff seeks a declaration that the stipulation of September 26, 1997, and promissory note of September 25, 1997, are usurious and void.

Pursuant to General Obligations Law § 5-501, it is illegal to charge or receive any money, goods, or things in action as interest on the loan or forbearance of any money, goods, or things in action, at a rate exceeding 16% per annum, the maximum rate prescribed in Banking Law § 14-a (*see,* General Obligations Law § 5-501 [2]; Banking Law § 14-a [1]). As it is used in General Obligations Law § 5-501, the term "forbearance" means to give a party additional time to perform after an obligation becomes due and payable. A forbearance given in consideration of the payment of more than the legal rate of interest is usurious (*see, Eikenberry v Adirondack Spring Water Co.,* 65 NY2d 125, 127; 72 NY Jur 2d, Interest and Usury, § 62). Here, the defendant's agreement to stay the eviction proceeding in

exchange for the plaintiff's promise to pay, *inter alia,* the remaining debts incurred by Rosa at an interest rate of 18% is void because of the usurious interest rate (*see, Eikenberry v Adirondack Spring Water Co., supra,* at 127). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on her first cause of action to declare the note and stipulation usurious and void.

The defendant's remaining contentions are without merit. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.