■ PHILIP DeSANTIS, Respondent, v GENERAL ADVISORY & FUNDING CORP., Appellant. [802 NYS2d 702]—

In an action to recover the balance due on a promissory note, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered July 31, 2003, as denied its motion for summary judgment dismissing the complaint and to sever its third affirmative defense and counterclaim, and granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the third affirmative defense and counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly denied the defendant's motion for summary judgment dismissing the complaint, in which it contended that the plaintiff sought to enforce a usurious transaction. Although the interest charged on the subject loan exceeded the criminal usury rate (*see* Penal Law § 190.40) and was therefore usurious without regard to the lender's intent (*see Freitas v Geddes Sav. & Loan Assn.,* 63 NY2d 254, 262 [1984]; *Fareri v Rain's Intl.,* 187 AD2d 481, 482 [1992]), the evidence, including the defendant's own deposition testimony, was sufficient to raise a triable issue of fact as to whether the defendant should be estopped from raising usury as a defense (*see Seidel v 18 E. 17th St. Owners,* 79 NY2d 735, 743 [1992]; *Russo v Carey,* 271 AD2d 889, 890 [2000]; *Greenfield v Skydell,* 186 AD2d 391 [1992]; *Angelo v Brenner,* 90 AD2d 131 [1982]; *Hammond v Marrano,* 88 AD2d 758, 760 [1982]).

The Supreme Court also correctly determined that the defendant, General Advisory & Funding Corp. (hereinafter GAF), was not the owner of the mortgage brokerage commission claim at the time it filed its answer and counterclaim seeking to recover the same. Since the claim belonged to GAF's president at the time he commenced a bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York, the bankruptcy court has exclusive jurisdiction over the claim (*see* 28 USC § 1334 [e]), and the Supreme Court properly declined to entertain it (*see Hart Sys. v Arvee Sys.*, 244 AD2d 527 [1997]; *Bromley v Fleet Bank*, 240 AD2d 611 [1997]; *Weiss v Goldfeder,* 201 AD2d 644 [1994]). H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.