■ MARTIN O'DONOVAN et al., Respondents, v JOHN GALINSKI et al., Appellants. [878 NYS2d 443]—

In an action, inter alia, to recover on a promissory note, the defendants appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated February 26, 2008, which granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability and, in effect, denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, that branch of the plaintiffs' motion which was for summary judgment on the issue of liability is denied, and the defendants' cross motion for summary judgment dismissing the complaint is granted.

In 2002 the defendant John Galinski asked the plaintiffs to lend him money in order that he and his wife, the defendant Rosemary Galinski, could buy a house. It is undisputed that in October 2002 the plaintiffs lent the defendants $30,000. The defendants signed a promissory note (hereinafter the note) which stated that the principal amount was $33,000. The note set the following terms for repayment: the defendants would pay $275 per month for six months (which the note described as a 10% per annum interest rate), and would pay a lump sum of $33,000 six months after the signing date. The defendants defaulted on the note, and the plaintiffs commenced this action. The plaintiffs moved for summary judgment based on the defendants' failure to repay the note according to its terms, and the defendants cross-moved for summary judgment, asserting that the transaction was usurious. The Supreme Court granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability and, in effect, denied the defendants' cross motion. We reverse and grant the defendants' cross motion for summary judgment dismissing the complaint.

The maximum interest rate permissible on a loan is 16% per annum, and any interest rate in excess of that amount is usurious (see General Obligations Law § 5-501 [1]; Banking Law § 14-a [1]; Matias v Arango, 289 AD2d 459, 460 [2001]). In determining whether a transaction is usurious, the law looks not to its form, but its substance, or "real character" (Lester v Levick, 50 AD2d 860, 862 [1975, Christ, J., dissenting], revd on dissenting op, 41 NY2d 940 [1977]; see Abir v Malky, Inc., 59

AD3d 646 [2009]; *Ujueta v Euro-Quest Corp.*, 29 AD3d 895 [2006]; *Babinsky v Skidanov*, 12 AD3d 271 [2004]; *Karas v Shur*, 189 AD2d 856, 857 [1993]). Here, given the undisputed fact that the loan was for $30,000, the repayment terms result in an annualized interest rate of 31%, almost double the statutory limit. Further, under the circumstances, the plaintiffs' intent to exact a rate that the law deems usurious is clear, and, indeed, the plaintiffs did not even assert that there was any mistake in the terms of the transaction. Consequently, usury was established as a matter of law, and the plaintiffs raised no triable issue of fact in opposition. Moreover, there was no evidence of a "special relationship" between the parties (*see Seidel v 18 E. 17th St. Owners*, 79 NY2d 735, 743 [1992]; *Angelo v Brenner*, 90 AD2d 131, 132-133 [1982]), and no evidence that the defendants set a rate they knew to be usurious for the purpose of avoiding repayment of the loan (*see Russo v Carey*, 271 AD2d 889, 890 [2000]), so there is no triable issue of fact as to whether the defendants may be estopped from raising usury as a defense to the plaintiffs' claims (*cf. DeSantis v General Advisory & Funding Corp.*, 21 AD3d 1051 [2005]). Inasmuch as the law does not permit an action by a lender on a usurious loan (*see* General Obligations Law § 5-511; *Seidel v 18 E. 17th St. Owners*, 79 NY2d at 740), the defendants' cross motion for summary judgment dismissing the complaint should have been granted. Mastro, J.P., Covello, Balkin and Austin, JJ., concur.