■ Min Capital Corp. Retirement Trust, Respondent, v Jed Pavlin et al., Appellants, et al., Defendants. [930 NYS2d 475]—

The plaintiff commenced this action to foreclose a mortgage on real property owned by the defendants Jed Pavlin and Caroline Pavlin (hereinafter together the defendants). The plaintiff moved, inter alia, for summary judgment on the complaint, and the defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the loan agreement was usurious. The Supreme Court denied both motions, and this appeal by the defendants ensued.

"The maximum interest rate permissible on a loan is 16% per annum, and any interest rate in excess of that amount is usurious" (*O'Donovan v Galinski*, 62 AD3d 769, 769 [2009]; *see* General Obligations Law § 5-501 [1]; Banking Law § 14-a [1]; *Matias v Arango*, 289 AD2d 459, 460 [2001]). "In determining whether a transaction is usurious, the law looks not to its form, but its substance, or real character" (*O'Donovan v Galinski*, 62 AD3d at 769 [internal quotation marks omitted]). Here, the defendants failed to establish, prima facie, that the loan agreement was usurious. The note is not usurious on its face (*see Freitas v Geddes Sav. & Loan Assn.*, 63 NY2d 254, 262 [1984]).

Since the defendants failed to establish their prima facie

entitlement to judgment as a matter of law, the Supreme Court properly denied the defendants' cross motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Prudenti, P.J., Hall, Austin and Roman, JJ., concur.