■ FEIVEL FUNDING ASSOCIATES, Respondent, v ZHANNA BENDER, Appellant, et al., Defendants. [66 NYS3d 466]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.),

entered March 10, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment foreclosing on a note and mortgage given by defendant Zhanna Bender and dismissing defendant's defense and counterclaim alleging usury, unanimously reversed, on the law, without costs, and the motion denied.

Defendant borrowed $350,000 from plaintiff, giving a two-year note secured by a mortgage on the home she was buying. On its face, the note required payment of 10% annual interest rate, which is lower than the maximum legal rate for such loans, which is 16 percent (General Obligations Law § 5-501 [1]; Banking Law § 14-a [1]). However, in her verified answer, defendant alleged that, as a condition for making the loan, defendant's principal required her to make a cash payment of $57,000 to the attorney representing her in the transaction, who was also the principal's brother, as well as other cash payments totaling $22,000. She alleged that she made the payments, which brought the effective rate of interest on the note to over 18%, rendering it usurious (*see* General Obligations Law § 5-501 [2]) and unenforceable (*see* General Obligations Law §§ 5-521, 5-511; Penal Law § 190.40).

In light of the harsh sanction of forfeiture, a borrower asserting a usury defense bears the burden of establishing the defense by clear and convincing evidence as to all its elements (*Freitas v Geddes Sav. & Loan Assn.*, 63 NY2d 254, 261 [1984]). However, "in the context of a summary judgment motion, the burden is on a [plaintiff] to establish, prima facie, that the transaction was not usurious" (*Abir v Malky, Inc.*, 59 AD3d 646, 649 [2d Dept 2009]).

In support of its motion for summary judgment, plaintiff made a prima facie showing that defendant had defaulted on the note and that the note was not usurious, through the affidavit of its principal who averred that defendant had defaulted and denied that plaintiff required or received any cash payment in connection with the loan.

In opposition, defendant submitted her own affidavit averring that she delivered $57,000 in cash, and subsequent payments of $22,000, to the attorney because plaintiff's principal required it as condition for making the loan. She also submitted her friend's affidavit averring that she helped count the $57,000 cash, went with defendant when she delivered the money to the attorney, and saw her enter the attorney's office with the money and exit without it. Although the absence of documentary evidence is contrary to common experience in such a large cash transaction, we cannot say that defendant's

allegations concerning the $57,000 cash payment, which are partly corroborated by a witness's affidavit, are incredible as a matter of law, particularly in the absence of any affidavit from the attorney denying these allegations. The issues of credibility presented on both sides should be left to the trier of facts (*see Best v 1482 Montgomery Estates, LLC*, 114 AD3d 555 [1st Dept 2014]; *cf. Espinal v Trezechahn 1065 Ave. of the Ams., LLC*, 94 AD3d 611 [1st Dept 2012]).

Contrary to plaintiff's argument that parol evidence cannot be used to raise an issue of fact as to whether a note legal on its face is usurious, usury may be established by extrinsic facts concerning the "real character" of the transaction (*O'Donovan v Galinski*, 62 AD3d 769, 769 [2d Dept 2009]; *see Greenfield v Skydell*, 186 AD2d 391 [1st Dept 1992]; *Freitas v Geddes Sav. & Loan Assn.*, 63 NY2d at 262). Concur—Gische, J.P., Kapnick, Oing and Moulton, JJ.