■ Yolanda Mercedes Polanco Del Marte et al., Appellants, v Leka Realty LLC, Respondent. [67 NYS3d 16]—

Judgment, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered July 6, 2016, dismissing the complaint, and bringing up for review an order, same court and Justice, entered June 21, 2016, which granted defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Plaintiff Yolanda Mercedes Polanco Del Marte alleges that she was injured in May 2013 after she fell as a result of a loose step on a staircase located between the second and third floors of a building owned by defendant.

A defendant moving for summary judgment in a case involving an alleged dangerous condition "has the initial burden of making a prima facie showing that it neither created nor had actual or constructive notice of the unsafe condition" (*Rosario v Prana Nine Props., LLC*, 143 AD3d 409, 410 [1st Dept 2016]). Upon the defendant establishing prima facie entitlement to judgment as a matter of law, the burden shifts to the plaintiff to raise a triable issue of fact (*Kesselman v Lever House Rest.*, 29 AD3d 302, 303-304 [1st Dept 2006]).

Here, defendant made a prima facie showing that it did not cause or create the loose step, by submitting its property manager's and superintendent's deposition testimony that no

repairs were made to the staircase since defendant's acquisition of the building in December 2009. Plaintiff's expert, however, raised a triable issue of fact on this issue.

In response to defendant's expert's opinion that "[a]ny motion in the step[ ] is imperceptible," plaintiff's expert, who inspected the area approximately one month after the accident, "observed that the tread moved and was unstable." Plaintiff's expert opined that the step had been repaired using a rubber adhesive applied to the tread of the step, that the repair was not conducted properly and was inadequate, and that the "condition had been present for a long period of time." Defendant's expert failed to provide any rebuttal to this opinion, nor did defendant's property manager or superintendent address plaintiff's expert's claim after it was raised in opposition to defendant's motion for summary judgment. Accordingly, a triable issue of fact exists as to whether defendant caused or created a dangerous condition that proximately caused plaintiff's accident. Concur—Gische, J.P., Kapnick, Oing and Moulton, JJ.