Abraham v American Gardens Co. (2020 NY Slip Op 07152)





Abraham v American Gardens Co.


2020 NY Slip Op 07152


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2017-02273
 (Index No. 52263/14)

[*1]Mathew Abraham, et al., respondents, et al., plaintiffs,
v
American Gardens Company, et al., defendants, American Gardens Company, LLC, et. al., appellants.


Hogan & Cassell, LLP, Jericho, NY (Michael Cassell of counsel), for appellants.
Mathew Abraham and Annamma Mathew, Port Chester, NY, respondents pro se.



DECISION & ORDER
In an action, inter alia, to recover on a promissory note and a personal guarantee, the defendants American Gardens Company, LLC, and Thomas John appeal from a judgment of the Supreme Court, Westchester County (Charles D. Wood, J.), entered January 20, 2017. The judgment, upon an amended decision of the same court dated January 6, 2017, made after a nonjury trial, is in favor of the plaintiffs Mathew Abraham and Annamma Mathew and against the defendants American Gardens Company, LLC, and Thomas John in the principal sum of $300,000, minus a credit to those defendants in the sum of $90,000 for interest payments previously made, and in favor of those plaintiffs and against the defendant Thomas John in the additional principal sum of $75,000.
ORDERED that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof in favor of the plaintiffs Mathew Abraham and Annamma Mathew and against the defendant American Gardens Company, LLC, in the principal sum of $300,000, (2) by deleting the provision thereof awarding a credit to the defendants American Gardens Company, LLC, and Thomas John in the sum of $90,000 for interest payments previously made, and (3) by deleting the provision thereof in favor of the plaintiffs Mathew Abraham and Annamma Mathew and against the defendant Thomas John in the additional principal sum of $75,000; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine the amount to be credited to the defendant Thomas John for payments previously made, toward the award in favor of the plaintiffs Mathew Abraham and Annamma Mathew and against him in the principal sum of $300,000, for a recalculation of the award of interest, and thereafter for the entry of an appropriate amended judgment.
The defendant American Gardens Company (hereinafter AGC) provided the plaintiffs Mathew Abraham and Annamma Mathew (hereinafter together the plaintiffs) with a promissory note dated November 7, 2006, which stated, in pertinent part, that "[f]or value received, [AGC] . . . promise[s] to pay to the order of [the plaintiffs] . . . the principal sum of THREE HUNDRED THOUSAND ($300,000) dollars" (hereinafter Loan No. 1). The defendant Thomas John signed a personal guarantee for the repayment of Loan No. 1.
Thereafter, on May 5, 2007, the plaintiffs loaned $75,000 to John, which was to be [*2]repaid with 15% interest per annum (hereinafter Loan No. 2). Subsequently, on September 24, 2007, the plaintiffs loaned an additional $25,000 to John (hereinafter Loan No. 3), with the agreement that the interest rate for Loan No. 2 would increase from 15% per annum to 20% per annum.
After making a number of interest payments on the subject loans, in November 2008, John stopped paying the interest due on Loan No. 2. Moreover, two checks received by the plaintiffs with respect to Loan No. 1 in October 2009 and March 2010 were returned by the bank for insufficient funds. Thereafter, the plaintiffs, and others, commenced this action against, among others, AGC, John, and American Gardens Company, LLC (hereinafter AG LLC). The complaint sought, inter alia, to recover on the promissory note and John's personal guarantee. In their answer, the defendants asserted, among other things, lack of consideration and usury as affirmative defenses. In an order dated March 1, 2016, the Supreme Court, inter alia, (1) granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against AG LLC and all other defendants except AGC and John, and (2) directed dismissal of the action insofar as asserted by the plaintiffs' daughter Susy Mathew.
After a nonjury trial, the Supreme Court entered judgment in favor of the plaintiffs and against AG LLC and John with respect to Loan No. 1 in the principal sum of $300,000, minus a credit of $90,000 to AGC LLC and John for interest payments previously made, and in favor of the plaintiffs and against John with respect to Loan No. 2 in the additional principal sum of $75,000. AG LLC and John appeal.
On an appeal from a judgment rendered after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into consideration in a close case the fact that the trial court had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 4299). "[W]here the court's findings of fact rest in large measure on considerations relating to the credibility of witnesses[,] . . . deference is owed to the trial court's credibility determination" (Melville Capital, LLC v Gugick, 144 AD3d 999, 1000 [internal quotation marks omitted]).
Here, contrary to the appellants' contentions, we discern no basis to disturb the Supreme Court's finding and determination made against John with respect to Loan No. 1. The evidence adduced at the trial supported the court's finding that the plaintiffs demonstrated that John unconditionally guaranteed the payment of AGC's obligations, that AGC defaulted on its obligation under the note, and that John defaulted on his obligations under the guarantee (see Ouziel v Baram, 305 AD2d 564, 564; see e.g. Barnaba Realty Group, LLC v Solomon, 121 AD3d 730, 730). The appellants failed to demonstrate that there was lack of consideration for Loan No. 1, given John's testimony as to his receipt of checks from the plaintiffs as well as the plain language of the promissory note, which he signed on behalf of AGC, acknowledging that it was based on consideration.
However, the Supreme Court should not have entered judgment with respect to Loan No. 1 against AG LLC. Pursuant to the March 1, 2016 order, dismissal of the complaint was directed insofar as asserted against AG LLC, which had yet to be formed as of the date that the promissory note was executed in the name of AGC.
With respect to Loan No. 2, General Obligations Law § 5-501(2) provides that no person or corporation shall, directly or indirectly, charge, take, or receive any money as interest on a loan at a rate exceeding the maximum permissible interest rate (see Roopchand v Mohammed, 154 AD3d 986, 988). The civil usury statute provides that "[t]he maximum interest rate permissible on a loan is 16% per annum, and any interest rate in excess of that amount is usurious" (id. at 988 [internal quotations marks omitted]; see General Obligations Law § 5-501[1]; Banking Law § 14-a[1]). "A usurious contract is void and relieves the borrower of the obligation to repay principal and interest thereon" (Roopchand v Mohammed, 154 AD3d at 988 [internal quotations marks omitted]; see General Obligations Law § 5-511). A person seeking to establish usury in a transaction must prove it by clear and convincing evidence (see Roopchand v Mohammed, 154 AD3d at 988). "'In determining whether a transaction is usurious, the law looks not to its form, but its substance, or real [*3]character'" (Bouffard v Befese, LLC, 111 AD3d 866, 869, quoting O'Donovan v Galinski, 62 AD3d 769, 769).
Here, contrary to the allegations in the complaint that the interest rate for Loan No. 2 was 15% per annum, the plaintiff Mathew Abraham repeatedly testified that for three months, before Loan No. 2 was modified by "combining" it with Loan No. 3, John paid interest in monthly interest installments of $1,150. Consequently, the evidence demonstrated that the interest rate for Loan No. 2 exceeded the legal interest rate (see General Obligations Law § 5-501[1]; Banking Law § 14-a[1]). Accordingly, the Supreme Court should not have awarded judgment in favor of the plaintiffs and against John in the additional principal sum of $75,000 with respect to Loan No. 2, since it was void as usurious (see Roopchand v Mohammed, 154 AD3d at 988-989). Because Loan No. 2 was usurious, all payments made toward that loan should have been applied toward Loan No. 1. Thus, we remit the matter to the Supreme Court, Westchester County, for a hearing to determine the total amount to be credited to John for payments previously made, toward the repayment of Loan No. 1.
Upon remittitur, the plaintiffs' daughter Susy Mathew, is not to act in place of legal counsel on behalf of her parents. During the trial, the plaintiffs' daughter improperly was allowed to actively participate as de facto counsel for the plaintiffs, even though she is not an attorney. Judiciary Law § 478 provides that it is unlawful for a person to practice or appear as an attorney-at-law for a person other than himself or herself in a court of record or to render legal services, unless that person is licensed and admitted to practice law in the courts of record of this state. A person who is not licensed to practice law in the State of New York may not appear pro se on behalf of a litigant (see Whitehead v Town House Equities, Ltd., 8 AD3d 369, 370), nor may a plaintiff proceeding pro se represent other plaintiffs in the same action (see Schulz v State of N.Y. Exec., 134 AD3d 52, 54 n 1). Here, the plaintiffs' daughter objected to defense counsel's opening statement, made arguments as to why certain documents should or should not be admitted into evidence, moved documents into evidence, called witnesses, asked witnesses questions and clarified her mother's questions, addressed witnesses, attempted to testify herself from counsel's table, objected to defense counsel's questions and interjected during answers, made arguments as to why the plaintiffs' questions were not objectionable, and coached witnesses, all despite the Supreme Court's frequent admonishments. Such behavior is strictly prohibited and is not to be tolerated upon remittitur.
The plaintiffs' contention requesting certain affirmative relief is not properly before this Court, since the plaintiffs did not cross-appeal from the judgment (see U.S. Bank N.A. v Dickenson, 176 AD3d 891, 892; Furino v O'Sullivan, 137 AD3d 1208, 1211).
The appellants' remaining contention is without merit.
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court