D.A. v New York City Hous. Auth. (2021 NY Slip Op 00079)





D.A. v New York City Hous. Auth.


2021 NY Slip Op 00079


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Index No. 350498/10 Appeal No. 12800 Case No. 2019-03330 

[*1]D.A., an Infant by her Mother and Natural Guardian Robin T.A., et al., Plaintiffs-Respondents,
v
New York City Housing Authority, Defendant-Appellant.


Herzfeld & Rubin, P.C., New York (Linda M. Brown of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondents.



Order, Supreme Court, Bronx County (LlinÉt M. Rosado, J.), entered on or about July 11, 2019, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this personal injury action arising from the infant plaintiff's (hereinafter, plaintiff) fall from her seventh-floor double-hung bedroom window, there is no dispute that defendant was responsible for maintaining the window and the window guard and that the window guard was improperly positioned after the accident. Defendant failed to demonstrate that plaintiff's testimony as to how the accident happened is incredible as a matter of law (see e.g. Thomas v New York City Hous. Auth., 165 AD3d 471, 472 [1st Dept 2018]; Feivel Funding Assoc. v Bender, 156 AD3d 416, 417-418 [1st Dept 2017]). Defendant's biomedical engineer opined that it was not physically possible that plaintiff fell through the top window as she described, based on her weight of 57 pounds, height of 51 inches, and center of mass at about 28 inches at the time of the accident. However, the expert obtained plaintiff's weight from medical records that are not in evidence and his affidavit states that he assumed that she was the average height for an eight-year- old. Issues of fact as to plaintiff's size at the time of the accident and how far the subject window opened that night preclude a determination as a matter of law as to the credibility of plaintiff's testimony.
Defendant failed to establish prima facie that its employees did not cause or create the unsafe condition by installing the window guard improperly before the accident (see Del Marte v Leka Realty LLC, 156 AD3d 453 [1st Dept 2017]). The testimony of defendant's maintenance worker establishes that, about a month before plaintiff fell, he saw that the glass in one of the windows in plaintiff's bedroom was cracked and required repair and that he told the tenant how to arrange for the repair. However, defendant did not establish that the cracked window was the subject window or that the subject window was in a reasonably safe condition before the accident. Moreover, the maintenance worker testified further that a properly installed window guard will prevent the top window from sliding down. As indicated, it is undisputed that the window guard was improperly installed on the day of the accident.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021