Pigott v J.C. Happy Garden Corp. (2023 NY Slip Op 02288)

Pigott v J.C. Happy Garden Corp.

2023 NY Slip Op 02288

Decided on May 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2023

Before: Kern, J.P., Oing, Kennedy, Shulman, Higgitt, JJ. 

Index No. 20667/17 Appeal No. 158-159-160 Case No. 2021-00294, 2022-01974, 2022-01975 

[*1]Cecilio Pigott, Plaintiff-Respondent,
v
J.C. Happy Garden Corp., Defendant-Respondent-Appellant, 218-204 East 165 Realty Corp., Defendant-Appellant- Respondent.
218-204 East 165 Realty Corp., Third-Party Plaintiff-Appellant-Respondent,
v
Black Cat KK, Inc., Doing Business as Chinese Restaurant, Third-Party Defendant-Respondent-Appellant.

Hannum, Feretic, Prendergast & Merlino, LLC, New York (Marsha J. Quinche of counsel), for appellant-respondent.
Marshall Conway Bradley Gollub & Weissman, P.C., New York (Lauren R. Turkel of counsel), for respondent-appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered on or about June 29, 2020, which granted third-party defendant Black Cat KK, Inc., doing business as Happy Garden Chinese Take Out's motion to strike the answer of defendant/third-party plaintiff 218-204 East 165 Realty Corp. (East 165 Realty) for failing to appear for its scheduled deposition, unanimously affirmed, without costs. Order, same court (Laura G. Douglas, J.), entered April 4, 2022, which, to the extent appealable, denied East 165 Realty's motion to renew the motion to strike its answer, unanimously affirmed, without costs. Order, same court and Justice, entered April 4, 2022, which granted Black Cat's motion for summary judgment dismissing the third-party complaint and all cross-claims against it and denied its motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Supreme Court did not abuse its discretion in striking East 165 Realty's answer (see CPLR 3126[3]; see also Arts4All, Ltd. v Hancock, 54 AD3d 286, 286-287 [1st Dept 2008], affd 12 NY3d 846 [2009], cert denied 559 US 905 [2010]). East 165 Realty's disobedience of a series of court orders directing it to appear for a deposition is precisely the type of dilatory and obstructive, and thus contumacious, conduct warranting the striking of its answer (see Kutner v Feiden, Dweck & Sladkus, 223 AD2d 488, 489 [1st Dept 1996], lv denied 88 NY2d 802 [1996]).
The denial of reargument is not appealable (see McCoy v Metropolitan Transp. Auth., 75 AD3d 428, 430 [1st Dept 2010]). As to that portion of East 165 Realty's motion seeking renewal, the court providently exercised its discretion in denying the motion, as the affidavit of the nonparty witness did not present new facts unknown to East 165 Realty at the time of Black Cat's original motion to strike, and no valid excuse was presented for the failure to include the affidavit on the original motion (see CPLR 2221[e][2]-[3]; Ramos v Stern, 100 AD3d 409, 410 [1st Dept 2012]; Castillo v Zimmerly, 260 AD2d 243, 243-244 [1st Dept 1999]).
As to the motion for summary judgment, Black Cat made a prima facie showing that it did not cause, create or have notice of the hole in the metal entrance door saddle of the restaurant, by submitting the deposition testimony of the restaurant's manager, who testified that no repairs were made to the exterior stairs since Black Cat's acquisition of the building in 2014, he never saw a delivery person damage the steps with a hand truck, and that neither he nor the owner of the restaurant received a complaint about the entranceway or were aware of any similar incidents before plaintiff fell (see Del Marte v Leka Realty LLC, 156 AD3d 453, 453-454 [1st Dept 2017]). However, plaintiff raised a triable issue of fact as to whether Black Cat may be answerable for the alleged defect by submitting the unchallenged expert affidavit of his architect, who inspected the subject threshold about 15 days after the accident [*2](see Cassano v Hagstrom, 5 NY2d 643, 646 [1959]). Plaintiff's expert opined that the damage to the threshold was caused and created by Black Cat's operation of the restaurant, including hand truck delivery impacts from twice weekly deliveries over an extended period of years, as the damage pattern she observed was consistent with repeated hand truck delivery damage which should have been eliminated before the accident given that the broken and deformed metal threshold was a hazardous condition to the means of egress.
The court correctly dismissed East 165 Realty's cross-claims against defendant J.C. Happy Garden Corp. in the main action and its third-party complaint against Black Cat, as the record shows that it was Black Cat who moved to strike East 165 Realty's answer for repeatedly failing to appear for a deposition, and that Black Cat's defense against East 165 Realty's third-party claims would be prejudiced if the claims were to proceed (see Cillo v Resjefal Corp., 13 AD3d 292, 294 [1st Dept 2004]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2023