Lira Holdings, LLC v IGE Group Corp. (2025 NY Slip Op 00654)

Lira Holdings, LLC v IGE Group Corp.

2025 NY Slip Op 00654

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2022-01033
 (Index No. 31860/20)

[*1]Lira Holdings, LLC, respondent,
v
IGE Group Corp., et al., appellants.

Tsyngauz & Associates, P.C., New York, NY (Ryan C. Banich of counsel), for appellants.
Law Offices of Bruce W. Minsky, P.C., New Hempstead, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover on a promissory note and a personal guaranty, the defendants appeal from a judgment of the Supreme Court, Rockland County (Paul I. Marx, J.), dated December 15, 2021. The judgment, upon an order of the same court dated December 2, 2021, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the first cause of action, is in favor of the plaintiff and against the defendants in the total sum of $549,678.85.
ORDERED that the judgment is affirmed, with costs.
In June 2016, the defendant IGE Group Corp. (hereinafter IGE) executed a promissory note in favor of the plaintiff. Pursuant to the terms of the promissory note, the plaintiff loaned the principal sum of $336,000 to IGE in exchange for IGE's promise to repay that sum with interest on or before December 1, 2018. IGE's principal, the defendant Yevgeny Tsyngauz, also executed an unconditional personal guaranty (hereinafter the guaranty) for "the due and punctual payment of all principal and interest evidenced by the Note" in order "to induce" the plaintiff to make the loan.
In May 2020, the plaintiff commenced this action, inter alia, to recover on the promissory note and the guaranty, alleging that the defendants defaulted in making payments due under the terms of the promissory note and the guaranty. The plaintiff moved for summary judgment on the complaint. In an order dated December 2, 2021, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action, alleging breach of contract. Thereafter, the court entered a judgment in favor of the plaintiff and against the defendants in the total sum of $549,678.85. The defendants appeal.
"'A promissory note is an instrument for the payment of money only, provided that it contains an unconditional promise by the borrower to pay the lender over a stated period of time'" (Intermax Eco, LLC v Eco Family Food Mart Corp., 172 AD3d 1040, 1041, quoting Lugli v Johnson, 78 AD3d 1133, 1134 [internal quotation marks omitted]). "A guaranty is a promise to fulfill the obligations of another party, and is subject to the ordinary principles of contract construction" (20 Rewe St., Ltd. v Zheng, 228 AD3d 607, 608 [internal quotation marks omitted]; see Coooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v [*2]Navarro, 25 NY3d 485, 492). In order to make a prima facie showing of entitlement to judgment as a matter of law to recover on a promissory note and guaranty, a plaintiff must submit proof of the underlying note, a guaranty executed by the defendant, the unconditional terms of repayment, and the failure to make payment in accordance with the terms of those instruments (see 20 Rewe St., Ltd. v Zheng, 228 AD3d at 608; Ashley Young, LLC v Metro Light. Group, Inc., 219 AD3d 677, 678).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on the first cause of action by demonstrating that IGE and Tsyngauz executed the promissory note and the guaranty, respectively, that IGE received the plaintiff's money, that the promissory note specified that IGE was obliged to repay the money with interest, that Tsyngauz agreed to guaranty the "punctual" payment of the debt under the promissory note, and that the defendants defaulted in payment. In opposition, the defendants failed to raise a triable issue of fact (see Greenfield v Philles Records, 98 NY2d 562, 569; 20 Rewe St., Ltd. v Zheng, 228 AD3d at 608; Ashley Young, LLC v Metro Light. Group, Inc., 219 AD3d at 678; Louie's Seafood Rest., LLC v Brown, 199 AD3d 790, 793; Abraham v American Gardens Co., 189 AD3d 741, 744).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action and entered judgment accordingly.
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court