Smith v Consolidated Edison Co. of N.Y., Inc.

2026 NY Slip Op 02381

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Kalomo J. Smith, Respondent,

v

Consolidated Edison Company of New York, Inc., Appellant-Respondent, Verizon New York, Inc., Defendant-Respondent-Appellant.

Decided and Entered: April 21, 2026

Index No. 801687/22|Appeal No. 6421|Case No. 2025-02868|

Before: Renwick, P.J., Friedman, Pitt-Burke, Hagler, JJ.

DSR Appeals, Montrose (Daniel S. Ratner of counsel), for appellant-respondent.

Lewis Brisbois Bisgaard & Smith LLP, New York (Oscar Deonarine of counsel), for respondent-appellant.

Harris Keenan & Goldfarb PLLC, New York (Jason Steinberg of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about March 4, 2025, which denied the separate motions of defendants Consolidated Edison Company of New York, Inc. and Verizon New York, Inc. for summary judgment dismissing the complaint and Verizon's motion for summary judgment dismissing the cross-claims for indemnification and contribution as against it, unanimously affirmed, without costs.

Plaintiff was injured while driving his motorcycle when he encountered low-hanging wires from a utility pole, that then wrapped around his neck and dragged him until he collided with a parked car. Con Ed owns the joint use utility pole, as well as some of the wires attached to it, and Verizon also owns some of the wires attached to the utility pole. Both defendants moved for summary judgment dismissing the complaint, contending that they owed no duty to plaintiff because neither defendant owned the low-hanging wires that caused the accident. Supreme Court properly found otherwise.

As to Con Ed, it owns the joint utility pole and pursuant to the Joint Use Agreement, it is responsible for maintaining the pole in a safe condition (see Balsam v Delma Eng'g Corp., 139 AD2d 292, 296-297 [1st Dept 1988], lv dismissed in part, denied in part 73 NY2d 783 [1988]). Although Con Ed's evidence suggests that the low-hanging wires were not a part of its electrical system, it was obligated under the Joint Use Agreement to maintain the pole to which the wires were attached.

Moreover, Con Ed had actual notice of the low-hanging wires from a customer complaint that was called in the morning of the accident (see Del Marte v Leka Realty LLC, 156 AD3d 453, 453 [1st Dept 2017]; Atashi v Fred-Doug 117 LLC, 87 AD3d 455, 456 [1st Dept 2011]). Con Ed submitted no evidence showing it lacked sufficient time to take corrective action, as it offered no evidence of any interim response, mitigation, or procedure followed after receipt of the complaint. Its own proof reflects that the site was not inspected until 5:55 p.m., at least six hours after the accident.

As to Verizon, under the Joint Use Agreement it was responsible for maintaining its attachments — or wires — to the utility pole. Verizon's argument that another cable company owned the low-hanging wires at issue was speculative and was thus insufficient to establish, as a matter of law, that Verizon owed no duty to plaintiff. Verizon's argument that it had transferred all its hardware off the utility pole prior to the accident is unpreserved, and, in any event, unsupported by the record (see U.S. Bank N.A v DLJ Mtge. Capital, Inc., 146 AD3d 603, 603-604 [1st Dept 2017]). Nor was Verizon able to establish prima facie that it lacked constructive notice of the dangerous condition because it failed to show that its inspection and maintenance practices were reasonable or that such practices were even followed (see White v MP 40 Realty Mgt. LLC, 187 AD3d 561, 562 [1st Dept 2020]).

[*2]

Lastly, the court properly denied Verizon's motion for summary judgment dismissing the cross-claims against it as there are issues of fact as to, inter alia, who owned the low-hanging wires.

We have considered defendants' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026